43946. PEEK, Next Friend v. MILLER.

Felton, Chief Judge. 1. In this action for damages for personal injuries sustained as a result of the defendant's alleged negligence in operating his automobile at an illegal rate of speed and to his left of the center of the highway around a curve, allegedly forcing the plaintiff's automobile off the road, the evidence showed that the plaintiff entered the very sharp and blind curve into the blinding afternoon sun at a speed variously estimated at "40 m.p.h.," "50 m.p.h.," "at least

50 m.p.h.", and "rapid"; that she was running late to pick up her mother; and that the highway had no center line. The only evidence of the defendant's being on the wrong side of the road was the plaintiff's unsupported testimony, which was contradicted by that of the defendant and his wife. The only evidence as to the defendant's speed was his and his wife's testimony that it was between 30 and 35 m.p.h. The evidence authorized the verdict and the court did not err in rendering judgment thereon and in overruling the general grounds of the motion for a new trial.

2. There was no timely objection to the charge regarding the plaintiff's contributory negligence, which was not harmful as a matter of law. *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31, as amended).

3. The court did not err in failing to charge as to the defendant's violation of speed statutes, there being no evidence of such violation.

4. The court's charge relative to negligence and negligence per se was not error. Although some of the specifications of negligence allege negligence per se, others of them could not be found to be negligence per se unless the jury found the defendant guilty of ordinary negligence as a basis for finding negligence per se. The court properly charged that the violation of a State statute is negligence as a matter of law, imposing liability to the extent that any such violation contributed proximately to the claimed injuries. Any desired clarification of the charge should have been requested in writing. *Code Ann.* § 70-207 (b). The court did not err in its judgment overruling the motion for a new trial on the special grounds for any reason assigned.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

Submitted September 4, 1968—Decided February 4, 1969.

*Marson G. Dunaway, Jr.,* for appellant.

*Henry A. Stewart, Sr.,* for appellee.