66742. LEAGUE v. MARSHALL et al.

POPE, Judge.

In this "slip-and-fall" case, appellant-plaintiff Joseph C. League appeals from the trial court's grant of summary judgment to appellee-defendants Asa M. Marshall and B. G. Hudson, Jr. We affirm.

The fall in question occurred around midnight on January 4, 1982 in the parking lot of the Baconsfield Office Park owned by the appellees. Mr. League was self-employed and operated his business from leased premises in the Baconsfield Office Park. He had worked in this location for about two months before the fall. The fall occurred as Mr. League and his wife left the office and were walking toward their cars. Mrs. League began walking toward Mr. League's car, and then remembered she had driven separately. She stepped from the elevated sidewalk onto the parking lot surface and began walking

toward her car; she immediately stumbled and fell over a handicapped-access ramp running from the surface of the parking lot to the sidewalk. Mr. League was on the sidewalk when Mrs. League fell. He rushed toward her and in so doing, stepped from the sidewalk onto a second handicapped-access ramp, fell and thus was injured.

The record shows that Mr. League had parked his car in the first non-handicapped parking space available next to those designated for handicapped parking. Mrs. League had inadvertently parked her car in a space designated for handicapped parking. There was a security light in the parking lot, some 75 feet from the ramps in question. There was enough light so that Mr. League could see his car from the sidewalk without difficulty. During usual office hours, it was Mr. League's custom to park in a spot not more than 50 feet from the ramps in question. He was generally familiar with the layout of the parking lot and the sidewalk and had noticed the ramps before the night of the fall. Mr. League stated that immediately before he fell he was aware that the ramps were in the vicinity of where he was, but that he was thinking more of his wife's plight than about exactly where the ramps were. Further, Mr. League testified that he is aware that access ramps are generally placed in the same area as handicapped parking.

"In order for [Mr. League] to recover, two elements must exist: (1) fault on the part of [the owners, Marshall and Hudson] and (2) ignorance of the danger on the part of the invitee, [Mr. League]. *Pound v. Augusta National,* 158 Ga. App. 166 (279 SE2d 342) (1981). ' "The true ground of liability of the owner . . . of property to an invitee who is injured thereon is superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." ' *Sutton v. Sutton,* 145 Ga. App. 22, 25 (243 SE2d 310) (1978). If the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for the resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of this knowledge, the invitee assumes the risks and dangers incident to a known condition. [Cit.]" *Moss v. Atlanta Housing Auth.,* 160 Ga. App. 555, 555-6 (287 SE2d 619) (1981).

Mr. League was familiar with the parking lot and knew the ramps were present in the area of the handicapped parking. He passed by the ramps earlier in the evening on his return to his office. There was light sufficient to enable him to see his car from the sidewalk. He did not trip over the ramp but, rather, simply stepped upon it and fell. "Falling and injuring one's self proves nothing." *Alterman Foods v. Ligon,* 246 Ga. 620, 625 (272 SE2d 327) (1980). We cannot see that the fact the fall occurred at night in any way altered

the knowledge Mr. League had concerning the existence and location of the ramps. Under these facts there is no reason to hold that appellees Marshall and Hudson had knowledge superior to that of Mr. League; therefore, we affirm the grant of summary judgment to appellees.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 9, 1983 —
REHEARING DENIED NOVEMBER 28, 1983 —

*Charles M. Cork III,* for appellant.
*Rufus D. Sams III, James V. Towson,* for appellees.