69844. GREEN v. GAYDON et al.
(331 SE2d 106)

BANKE, Chief Judge.

The 14-year-old son of appellant Linda Jane Green died as a re-

sult of injuries he sustained when his motorcycle collided with a tractor-trailer operated by appellee Donald Gaydon, who was in the employ of appellee National Freight, Inc., at the time. This appeal is from a judgment entered on a jury verdict in favor of the appellees in a wrongful death action against them.

The collision occurred as Gaydon was driving away from his residence, which was located on a dirt road, and was approaching an intersection with a paved road at a slow speed. There was evidence that appellant's son had pulled onto the paved road in front of another vehicle and was looking behind him when he turned onto the dirt road and collided with the tractor. *Held*:

1. Appellant contends that the trial court erred in refusing to admit evidence that Gaydon had been told by a representative of either the sheriff's department or the post office not to park the tractor on the road outside his residence unless he unhitched the trailer and left it at a barn on the paved road, ostensibly because the dirt road was too narrow to allow other vehicles to pass. There was evidence that the road was wider where the collision occurred than at appellant's residence, which was a substantial distance from the site of the collision.

Generally, it is not permissible to show conditions at places other than the one in question for the purpose of establishing that the condition at the place in question is dangerous. See *MARTA v. Tuck*, 163 Ga. App. 132 (5) (292 SE2d 878) (1982); *Underwood v. Atlanta & West P. R. Co.*, 105 Ga. App. 340 (5) (124 SE2d 758) (1962). Because the condition of the road at the point of the collision was different from its condition at appellant's residence, the evidence which appellant sought to elicit was irrelevant to the issue of whether Gaydon's conduct at the time and place of the collision constituted negligence. Accordingly, the trial court did not err in refusing to admit the evidence.

2. Appellant contends that the trial court erred in refusing to give two requests to charge; however, these requests to charge are not contained in the record. The party asserting error has the duty to show it by the record, not by assertions in briefs. See *York v. Miller*, 168 Ga. App. 849 (310 SE2d 577) (1983); *DeJong v. Stern*, 162 Ga. App. 529 (2) (292 SE2d 115) (1982). Appellant has made no contention that the record is incomplete, nor has she attempted to supplement the record, pursuant to OCGA § 5-6-41 (f). Consequently, this enumeration of error presents nothing for review. Moreover, even if the language of the two requests to charge was in fact as set forth in the appellant's brief, the trial court would not have erred in refusing to grant them. The first specified that a motorist approaching children on the street must consider their tenderness of age and exercise greater caution than that necessary on the discovery of adults in the

same situation. See generally *Kennedy v. Banks*, 117 Ga. App. 197, 199 (160 SE2d 208) (1968). However, the deceased in the present case was 14 years old and was thus responsible for both his crimes and his torts. See OCGA §§ 16-3-1, 51-11-6; *Hatch v. O'Neill*, 231 Ga. 446 (1) (202 SE2d 44) (1973); *Brady v. Lewless*, 124 Ga. App. 858 (186 SE2d 310) (1971). It follows that the principle of law at issue was not adjusted to the evidence. Accord *Townsend v. Moore*, 165 Ga. App. 606 (2) (302 SE2d 398) (1983); *Central R. Co. v. Phillips*, 91 Ga. 526 (2) (17 SE 952) (1893). The other request pertained to the last clear chance doctrine, a principle upon which the trial court did instruct the jury, although not in the precise language allegedly requested. The trial court also accurately charged the jury with respect to contributory and comparative negligence and other relevant principles. Where the trial court accurately and fully charges the relevant law, it is not error to fail to charge in the exact language requested. Accord *Ponder v. Ponder*, 251 Ga. 323 (3) (304 SE2d 61) (1983). Jury instructions must be read and considered as a whole in determining whether the charge contained error. *Taylor v. State*, 252 Ga. 125 (2) (312 SE2d 311) (1984). Considering the charge of the trial court in its entirety, we hold that the jury was accurately informed of the relevant legal principles.

3. Appellant contends that the trial court erred in charging the jury that operation of a motorcycle not equipped with a horn and headlight or operation of a motorcycle without wearing protective headgear constitutes a violation of the law, and that if the jury found the deceased had violated one of these laws and that such violation was the proximate cause of his death, they should return a verdict for the appellees. It is well settled that the violation of a state statute constitutes negligence as a matter of law, imposing liability on the violator to the extent that any such violation contributed proximately to the claimed injuries. Accord *Intl. Brotherhood of Electrical Workers v. Briscoe*, 143 Ga. App. 417 (7b) (239 SE2d 38) (1977); *Peek v. Miller*, 119 Ga. App. 138 (4) (166 SE2d 377) (1969). It follows that this enumeration of error is without merit.

4. Appellant contends that the trial court erred in its charge to the jury by using the term, "head-on," with reference to the collision. However, no such objection was raised at the trial, and appellant accordingly waived the right to raise the issue on appeal. Accord *Segars v. Printing Service Co.*, 170 Ga. App. 345 (1) (317 SE2d 322) (1984). See also OCGA § 5-5-24 (a).

*Judgment affirmed. Benham, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MAY 21, 1985.

*Emily Sherwinter*, for appellant.
*James A. Dunlap, James E. Brim III*, for appellees.