### 69743. SUMNER v. OTASCO, INC.
(333 SE2d 28)

McMURRAY, Presiding Judge.

The plaintiff filed suit against the defendant alleging that he tripped and fell over a lawnmower which was negligently placed outside the defendant's store. As a result of the fall the plaintiff sustained various injuries for which he seeks relief. The defendant filed its answer and defensive pleadings denying the material allegations of the complaint and subsequently filed a motion for summary judgment. Before the hearing on the motion for summary judgment, the plaintiff amended his complaint alleging that the defendant's placement of the lawnmower on the sidewalk outside of its store was in violation of two city ordinances and thus a nuisance, a nuisance per se and negligence per se.

The record shows the following: On the morning of June 10, 1983, the plaintiff fell on the sidewalk outside of the defendant's store. A lawnmower was parked on the sidewalk in a space between the service door and an entrance into the showroom of the defendant's store. (The defendant's employee concedes that he customarily places merchandise and lawnmowers on the sidewalk outside the door where the plaintiff fell, contrary to city ordinances.) The evidence is conflicting as to the cause of the plaintiff's fall. Affidavits in opposition to the defendant's motion for summary judgment state that the plaintiff tripped and fell over the lawnmower when approaching the steps of the entrance of the store. Affidavits submitted by the defendant state that the plaintiff fell before he reached the area in which the lawnmower was parked. It is undisputed that the lawnmower could be easily seen and was seen by the plaintiff before the fall.

Other evidence shows that for approximately 21 years the plaintiff, as an independent contractor, repaired and delivered appliances for the defendant. However, several months prior to the plaintiff's fall, the defendant had ceased using the plaintiff for repairs and de-

liveries because of the plaintiff's poor physical condition. During the 21 years, the plaintiff came by the defendant's store between the hours of 9:00 and 10:00 a.m., Monday through Saturday, to determine if work was available. From these facts the trial court granted the defendant's motion for summary judgment and the plaintiff appeals. *Held*:

1. " 'In order for [the plaintiff] to recover, two elements must exist: (1) fault on the part of [the defendant] and (2) ignorance of the danger on the part of the [plaintiff]. *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342) (1981).' " *League v. Marshall*, 169 Ga. App. 32, 33 (311 SE2d 192). In the case sub judice, the plaintiff has shown potential fault on the part of the defendant; however, he has not shown his ignorance of the danger. In fact, the plaintiff admits that the lawnmower was in "plain view" and that he saw it prior to his fall. This court addressed this issue in *League v. Marshall*, supra, saying that " '[i]f the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for the resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of this knowledge, the invitee assumes the risks and dangers incident to a known condition. (Cit.)' [Cit.]" *League v. Marshall*, supra. (Although in *League v. Marshall*, supra, the plaintiff fell on a "private" sidewalk and in the case sub judice the plaintiff fell on a "public" sidewalk outside the defendant's store, we find no reason not to apply the above stated rule in the case sub judice.)

2. Next, the plaintiff argues that the defendant's violation of the city ordinances constituted negligence per se and as such any defense raised by the defendant should not bar recovery as a matter of law. We do not agree.

Although violation of a statute or ordinance constitutes negligence per se in respect to members of the class for whose protection the law was adopted, *Carter v. Bishop*, 87 Ga. App. 554 (74 SE2d 562) (s.c. reversed on other grounds, 209 Ga. 919 (76 SE2d 784)), the violation is actionable negligence only where it is the proximate cause of the plaintiff's injuries. *Peek v. Miller*, 119 Ga. App. 138 (4) (166 SE2d 377); *Shelton v. Rose*, 116 Ga. App. 37, 39 (2) (156 SE2d 659). Therefore, in the case sub judice, assuming the defendant's placement of the lawnmower on the sidewalk was negligence per se, the plaintiff must nonetheless show that he was *ignorant of the danger* or that he was unable to discover the danger.

In view of the fact that the plaintiff admits that the lawnmower was in "plain view" and that he saw the lawnmower on the sidewalk prior to his fall, he has not made out a prima facie case and the grant of defendant's motion for summary judgment must be affirmed. See *Wright v. Piggly Wiggly Southern*, 164 Ga. App. 293 (297 SE2d 75);

*Backer v. Pizza Inn*, 162 Ga. App. 682 (292 SE2d 562).
  *Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 20, 1985.

*William H. Hedrick*, for appellant.
*Mark Gonnerman*, for appellee.