## 71996. FORDE v. CITIZENS & SOUTHERN GEORGIA CORPORATION.
(343 SE2d 164)

BIRDSONG, Presiding Judge.

Summary Judgment — Invitee Injury. On July 28, 1983, at about 2:00 p.m., Ms. Juanita Forde drove to the banking facilities of a C & S branch bank. Forde was aware that the bank closed at 2:00 p.m. and was in a hurry to get to a teller before the bank closed. She drove to a parking area which was more or less in the rear of the

branch bank and parked with the front end of the car pointed toward the curb. To the rear of her car, about two car lengths away and apparently on the back side of the bank, was a drive-in window. The record is not clear whether there were two drive-in windows but because of Ms. Forde's actions, we safely can assume there was only one such window. The drive-in window was located in what apparently was the left wall of a driveway and was in the rear wall of the bank at the back of the main lobby. This covered drive ran parallel to the rear wall and alongside of the window, the covering roof being supported by a second wall (the right side of the driveway) further to the rear of the rear wall of the bank separated from the rear wall of the bank by the driveway. The parking area in which Ms. Forde left her car was further to the rear or behind this supporting wall.

Ms. Forde dismounted her car and walked from her car past the rearmost supporting wall and turned right into the drive leading to the drive-in window. She was told that only drive-in business was conducted at that window and that she should proceed to the main lobby of the bank which apparently was toward the front of the building and away from the drive-in area. Ms. Forde had not been to that bank before and asked in which direction the main lobby lay. She was told: "It's over there" and the drive-in teller pointed generally around the building toward the front.

Ms. Forde left the drive-in window and apparently retraced her steps up the driveway of the drive-in window and turned left back toward the car. Photographic evidence adduced before the court showed two long white lines painted on the pavement leading away from the rearmost wall supporting the roof over the drive-in driveway. These two long white lines separated the parking area fully to the rear of the bank from the driveway leading to the drive-in window. Vertical white lines were painted between the two long lines up to the end of the rearmost supporting wall at the entrance to the driveway, ending at a concrete apron apparently designed to keep cars from hitting the rearmost supporting wall. Thus when Ms. Forde made her first visit to the drive-in window, she perforce had to cross the parallel white lines with the vertical white lines painted between. As she left the drive-in window, she retraced her steps to the entrance to the drive-in driveway and turned left back toward her car. She stepped up on the concrete apron at the end of the supporting wall and as she did she struck the sharp metal corner of what apparently was either an air conditioner or housing for some other mechanical device. This metal box was permanently built into the end of the rearmost supporting wall about five feet above the ground. Ms. Forde conceded that it did not appear that the area to the rear side of the bank was intended to be an access to the main lobby of the bank. She further conceded there was no sidewalk as such in the area of the

parking lot nor leading up to the drive-in window. But she argued that the cement apron at the base of the support wall appeared to be a sidewalk which she stepped up upon while trying to go around the building to reach the lobby before the bank closed at 2:00 p.m.

Ms. Forde suffered injuries to her head and brought suit against C & S alleging that she was an invitee of C & S and that while following the directions of a C & S employee she had struck her head against a dangerous object (because of lack of warning and placement) without any warning of any sort as to the inherent danger. Based upon the pleadings and Ms. Forde's deposition, C & S moved for summary judgment upon the ground that Ms. Forde's injury was caused by her own negligence. The trial court granted C & S' motion for summary judgment. It is that grant which forms the basis for this appeal by Ms. Forde. *Held*:

There is no evidence that when Ms. Forde first walked from her car to the drive-in window that her vision was obscured or obstructed or that she could not see the metal box when she first passed it. There is no evidence that she was told what path to follow by the drive-in teller to reach the main lobby; there were only a vaguely directed point by arm and directions that the lobby was "over there." Ms. Forde conceded the area she was walking through did appear to be at the rear of the bank facility and one in which a customer would not be unless the customer was lost. Immediately below the metal box upon which she struck her head was the end of the two painted white lines which could only be construed to show that the area between the white lines was not to be used. As she turned left to go around the end of the support wall, she stepped up upon the cement apron but did not look toward her front to see the metal box fixed into the wall. The bank itself showed that the area where the teller was located is not an area where pedestrian customers are supposed to walk nor a common area where bank customers normally go except those driving their auto.

We find no error in the grant of summary judgment by the trial court. There is no duty by the owner of property to warn invitees of dangers obvious even to the casual observer and where the invitee knows or should have known of its existence. See *Roberts v. Bradley*, 114 Ga. App. 262 (150 SE2d 720). As was observed in *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77), there should be no duty to warn of the perfectly obvious such as posting a sign on a stairwell that "These are steps," or on a brick wall that caution should be exercised as "This is a brick wall" or on a telephone pole saying, "Beware! This is a telephone pole." Would the invitee know more than the obvious simply because he was told what it was he was seeing? A person cannot undertake to do what obviously is a dangerous thing, even if he is directed by another, without assuming the

risks incident thereto and without himself being guilty of such lack of due care for his own safety as to bar him from recovery. See *Fricks v. Knox Corp.*, 84 Ga. App. 5, 10 (65 SE2d 423). An invitee is under an equal duty with the owner to use her sight to discover any defect or dangers. *Herschel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47 (183 SE2d 7). See also *Raven v. S. S. Kresge Co.*, 140 Ga. App. 799 (232 SE2d 122).

Ms. Forde argues that while she ordinarily might have been required to exercise more diligence, yet because this was her first trip to this bank and she was following directions from a bank employee and was looking at the raised curb on the concrete apron, she should not be required to exercise such a high degree of care that she reasonably could have been aware of any and all obstructions in her path. However, she has not shown that the danger was known only to the owner (bank) nor that it was even partially concealed, or even that the bank had a superior knowledge to that possessed by herself. The evidence reflects the bank did not anticipate that customers would walk on that part of the property and even if a customer were walking in the rear of the bank the metal box was readily apparent to any who would look. Certainly one must conclude that where an obstruction is in some way hidden, camouflaged or intrinsically unsafe, the question of ordinary care should be one for the jury. But where the evidence shows that the object is most obvious and apparent to sight, so that one looking ahead would necessarily see it, the fact that a plaintiff merely failed to look will not relieve him from responsibility for his own misadventure. *Moore v. Kroger Co.*, 87 Ga. App. 581, 583 (74 SE2d 481). See *Martin v. Bank South*, 175 Ga. App. 422 (333 SE2d 616). Appellant would have us conclude that because she went to a bank and received injuries she should be entitled to recover for her injuries. This makes an owner an insurer and disregards the question of equal knowledge or assumption of risk. This we are not prepared to do. Ms. Forde also says that because C & S has paid some of her medical bills, this is tantamount to admission of liability. This is no more than an assertion of opinion by Ms. Forde and is at best based on hearsay. There is no probative value to hearsay, and it can raise no issues upon which to justify a denial of an otherwise appropriate motion for summary judgment. See *Skinner v. Humble Oil &c. Co.*, 145 Ga. App. 372, 374 (2) (243 SE2d 732). We find no merit in Ms. Forde's enumeration of error nor in the grant of summary judgment to the bank.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

Decided March 21, 1986.

*Nick Long, Jr.*, for appellant.

*Wade K. Copeland*, for appellee.