73689. ROBERTS v. GARDENS SERVICES, INC. et al.
(356 SE2d 669)

SOGNIER, Judge.

Annie M. Roberts brought suit against Gardens Services, Inc. and the Ida Cason Callaway Foundation d/b/a Callaway Gardens seeking damages for injuries sustained when she fell while descending a stairway in the historic log cabin located at Callaway Gardens. The trial court granted the defendants' motion for summary judgment, and Roberts appeals.

Appellant contends the trial court erred by granting judgment to appellees as a matter of law because a genuine issue of material fact exists whether appellee failed to provide adequate lighting to permit safe descent of the stairs. The record reveals that appellant, touring the attractions at Callaway Gardens, visited the first floor of the historic log cabin and successfully negotiated the stairs to the second story. It is uncontroverted that an open window on the second floor shed light on the stairway. Appellees presented an affidavit from an employee who was present when appellant fell, which alleged additional light was provided by an electric light above the stairs. Appellant and her companion, in their affidavits, maintained that if such a light existed, it was not on at the time appellant fell.

"In order for appellant as an invitee to recover for injuries sustained due to an allegedly hazardous condition on appellee[s'] prop-

erty, she was required to prove: (1) fault on the part of appellee[s] and (2) ignorance of the danger on her part. [Cit.]" *Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210, 211 (335 SE2d 451) (1985). In the case sub judice, appellant admitted in her deposition that she did not know what caused her fall. She was thus unable to show the first element necessary to her case, namely, fault on the part of appellee. " 'Our Supreme Court has held that "proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence." ' " *J. C. Penney Co. v. Smith*, 173 Ga. App. 612, 613 (327 SE2d 574) (1985).

As to the second necessary element, even assuming the lighting was inadequate and it was the cause of appellant's fall, it is uncontroverted that appellant had climbed the same stairs only moments before her fall. Appellant was thus aware of the lighting conditions and this awareness constituted equal knowledge on her part of any hazard presented by inadequate lighting. See *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981). Further, contrary to appellant's argument, appellees were under no duty to warn her of a condition of which she had equal knowledge. "An invitee is under an equal duty with the owner to use her sight to discover any defect or dangers. [Cits.]" *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 403 (343 SE2d 164) (1986). Therefore, since appellant was unable to show both fault on the part of appellees and superior knowledge by appellees of the alleged unreasonable risk of harm, *Anderson*, supra, the trial court did not err by granting summary judgment to appellees.

*Judgment affirmed. McMurray, P. J., concurs, and Beasley, J., concurs in judgment only.*

DECIDED APRIL 8, 1987.

*John R. Gaughen*, for appellant.
*Leigh M. Wilco*, for appellees.