## 75047. GYLES, INC. v. TURNER.
### (361 SE2d 538)

BEASLEY, Judge.

We granted Gyles' application for interlocutory appeal to consider the trial court's denial of its motion for summary judgment in this "slip and fall" case.

Viewing the evidence as to the material issues in the light most favorable to plaintiff Turner, the respondent to the motion, it showed that she had been in Gyles' store repeatedly and probably more than fifty times over several years. Her sister had worked for Gyles and Turner had visited her in the store. The store was on two levels and the second level was accessible to customers by two staircases. She had traversed the stairway in question "maybe about once or twice. . . ." It consisted of three uncarpeted concrete steps. The second level was carpeted and the stairway edge was covered by a wooden doorsill that had been in place since 1975 and was nailed at the edge of the carpet to hold it down.

Turner ascended by the other stairway to pick out some draperies. She was carrying these drapes and her purse as she approached the stairway with the doorsill. As stated by Turner at her deposition: ". . . I saw the board . . . Q. Do I understand that the board was there for you to see and you just really didn't pay it that much attention? A. Yes. It was there. Q. And you just didn't pay it that much attention on this occasion? A. No." She contended that she caught her foot on the wooden doorsill and that caused her fall. She thought she had placed her foot on top of the doorsill, but: "Q. And I gather that you didn't put it on top because you weren't watching where you put your foot? A. I guess that I didn't, but I thought it was on top of the wood."

Although there was a direct conflict in Turner's testimony at her deposition and in her affidavit in opposition to the motion for summary judgment concerning in which hand she was carrying her purchase and her purse, initially stating they were in her right hand (the only side with a guardrail) and then changing the testimony in her affidavit to the left, it is not necessary to deal with that here because the handrail was uninvolved in the precipitating event of the accident, the slip on the doorsill. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986); *Tri-Cities Hospital Authority v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981).

Plaintiff alleged: "At the top of the concrete stairs is a raised strip of wood. Said floor was negligently maintained by the Defendant in a dangerous condition, without warning provided to the public." In its order denying the motion for summary judgment, the trial court held that the ". . . motion should be denied based on the decision . . . in the case of *Atkinson v. Kirchoff Enterprises, Inc.*, 181 Ga.

App. 139 (1986), in that it does not appear that the plaintiff fully appreciated the risk involved in using the stairs in question. . . ."

"Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go." *Alterman Foods v. Ligon*, 246 Ga. 620, 625 (272 SE2d 327) (1980). In order for a plaintiff to recover, two elements must be proven: "(1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. [Cit.] [Cit.] The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn [the invitee] and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of [this] knowledge, assumes the risks and dangers incident to the known condition." *White v. Fred F. French Management Co.*, 177 Ga. App. 661 (340 SE2d 276) (1986), quoted in *Folks, Inc. v. Dobbs*, 181 Ga. App. 311, 312 (352 SE2d 212) (1986). "As was observed in *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77), there should be no duty to warn of the perfectly obvious such as posting a sign on a stairwell that "These are steps. . . ." *Forde v. C & S Georgia Corp.*, 178 Ga. App. 400 (343 SE2d 164) (1986). The same holds true for a doorsill; an invitee would know as much by looking as by a sign which stated: "These are steps, at the top of which is a doorsill."

Controlling here is not the fact that plaintiff had been in the store on numerous other occasions, nor the fact that she had used these stairs on other occasions, *Folks, Inc. v. Dobbs*, supra at 312, because she stated that on *this occasion* she was aware of the doorsill and was not really watching where she put her foot. Thus, her knowledge was equal to the proprietor's. *Roberts v. Garden Services, Inc.*, 182 Ga. App. 573 (356 SE2d 669) (1987); *Folks, Inc. v. Dobbs*, supra; *Forde v. C & S Georgia Corp.*, supra; *Westall v. M & M Supermarkets, Inc.*, 174 Ga. App. 155 (329 SE2d 237) (1985); see *Emory University, Inc. v. Duncan*, 182 Ga. App. 326 (355 SE2d 446) (1987). Defendant is entitled to summary judgment.

*Atkinson*, supra, does not require a different result. That case involved a pile of construction debris, of which the plaintiff was admittedly aware, but also involved a hidden danger, a sharp object contained in that debris which caused the injury. As stated by this Court in that opinion, ". . . the present case is distinguished from such cases as *Forde v. C & S Ga. Corp.*, [supra]; *White v. Fred F. French Mgt. Co.*, [supra]; *Westall v. M & M Supermarkets*, [supra]; and *League v. Marshall*, 169 Ga. App. 32 (311 SE2d 192) (1983), *wherein the plaintiffs' injuries resulted from contact with structural fixtures whose presence was both obvious and static.*" (Emphasis supplied.) *Atkinson*, supra at 140; *Hadaway v. Cooner Enterprises*, 172 Ga.

App. 113 (321 SE2d 830) (1984). Here there was a discernible object.
    *Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs specially.*

    SOGNIER, Judge, concurring specially.
    I concur specially. I cannot agree that *Atkinson v. Kirchoff Enterprises, Inc.*, 181 Ga. App. 139 (351 SE2d 477) (1986), is so easily distinguished from the case at bar. I dissented in *Atkinson* because it was clear to me that the injured party there "failed to exercise due diligence for her own safety, despite her recognition and appreciation of a known danger," when she voluntarily chose to "pick" her way through debris littering a sidewalk. In fact, as between deliberately walking through debris which one should know is dangerous, and the situation presented here, to wit: negligently tripping on a doorsill of which one is aware, if either case should be heard by a jury, in my view the latter seems more deserving than the former. Nevertheless, in both cases the injured party's knowledge is at least equal to that of the proprietor's, and being committed to the rule that the true ground of the proprietor's liability is his superior knowledge of the hazard, *Roberts v. Gardens Services, Inc.*, 182 Ga. App. 573 (356 SE2d 669) (1987), I concur in the judgment.

                    DECIDED SEPTEMBER 29, 1987.

    *Mark A. Gonnerman, Dawn G. Benson*, for appellant.
    *Stephen J. Kaplan, R. Ripley Bell, Jr.*, for appellee.