## A89A1051. McKINNON v. STREETMAN.
(385 SE2d 691)

Sognier, Judge.

Timothy Streetman, by next friend Cora Streetman, brought suit against Shon McKinnon, as Administrator of the Estate of Helen Ruth McKinnon, to recover damages for injuries sustained when he was mauled by a tiger at a private zoo owned by Helen McKinnon. A jury returned a verdict in favor of Streetman, which was reduced to judgment, and McKinnon appeals.

The evidence adduced at trial showed that appellee was hired by appellant's decedent (appellant's mother) to help on weekends with chores at the zoo, which was managed on a day to day basis by appellant. Although the evidence differed regarding the age appellee represented himself to be when hired, it is uncontroverted that at the time of the incident, approximately four or five weeks later, appellee's actual age was fourteen years and two months old. Appellee's duties at the zoo consisted of assisting appellant with general maintenance tasks, including washing and helping with cleaning out the cages, watering the animals, feeding bread to the monkeys, and general policing of the premises. The quality of appellee's performance was in dispute, with appellant testifying, and appellee denying, that appellee was a poor worker who had been reprimanded often, whose work had to be corrected, and whose misdeeds included poking and harassing the animals.

On March 1, 1986, appellant instructed appellee to go behind the cages with him and assist him in mucking out the cages. A seven inch open space existed at the bottom of the back of the tiger cages, which was used both to wash out the cages and to enable the tigers to reach for their food. The testimony conflicted as to the exact nature of the chores appellee was performing when the incident occurred and as to whether appellee had provoked the tiger by approaching it closely and raising his foot to stomp the tiger's exposed paw. However, the record is clear that as both appellant and appellee were working behind the cages, the tiger extended a paw through the opening, caught appellee's ankle, and bit and clawed his foot and leg, causing extensive injuries. Appellant shot the tiger to extricate appellee.

1. In related enumerations of error, appellant contends the trial court erred by giving two charges taken from OCGA §§ 27-5-6 (1) (A) and (8) dealing with the structural adequacy of the facility in which a wild animal, such as a tiger, is housed and the number of employees and type of expertise required to supervise and operate properly such a facility. Appellant argues that because no evidence was adduced that the facility in question was either improperly constructed or lacked an appropriate number of personnel, both charges were without evidence to support them. We do not agree. Contrary to appellant's argument, the manner in which appellee was injured brought into issue the safety of the cage housing appellant's tiger, which was constructed with a seven inch aperture at the back, and evidence showing that the zoo housed 150-200 animals and that management of the facility was left to appellant with the help of occasional employees was sufficient to call into question the issue of proper supervision. "It is well established an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.]" *Big Bend Agri-Svcs. v. Bank of Meigs*, 174 Ga. App. 493, 496 (5) (330 SE2d 422) (1985).

Nor do we agree with appellant that charging these code sections was erroneous because appellee was an employee rather than a member of the general public, and therefore was not a member of the class the statutes were intended to protect. OCGA § 27-5-1 expresses the intent of the legislature in enacting laws dealing with the care and handling of wild animals in captivity. It provides, in pertinent part, that "[t]he importation . . . and possession of wild animals are privileges not to be granted unless it can be clearly demonstrated that such actions can be accomplished in a manner that does not pose unnecessary risk to . . . *the citizens of and visitors to this state.*" (Emphasis supplied.) Appellee is clearly a citizen of this state, and thus an intended beneficiary of the statute. Accordingly, as there was evidence to support them and they were adjusted to the evidence in this case, the trial court did not err by giving these two charges.

2. We find meritless appellant's contention that the trial court erred by charging the jury that the law provides in this state that when a person is injured by an attack of an animal that is wild by nature, the negligence of the owner or keeper of that animal is presumed, because of the dangerous and ferocious propensities of a wild beast. The charge was taken verbatim from *Candler v. Smith*, 50 Ga. App. 667, 670 (2) (179 SE 395) (1935), and although we agree with appellant that the facts sub judice are slightly different from those in *Candler*, those factual differences do not detract from the applicability of the principle in *Candler* to this case. The charge given was an accurate statement of the law and adjusted to the evidence in this case, and the trial court did not err by giving this charge. See generally *Duncan v. Deits*, 185 Ga. App. 136, 137-138 (363 SE2d 601) (1987).

3. Appellant asserts the trial court erred by charging the jury on the higher standard of care owed to "children of tender years" because appellee had reached the age of fourteen years and two months when the injury occurred, and thus the charge was not applicable to him. Because a primary defense in this action was that appellee failed to exercise due care for his own safety despite being warned repeatedly about the dangers, appellant argues that instructing the jury regarding the standard of care for a "child of tender years" allowed the jury to apply to appellee a standard of care more favorable than that to which he was entitled. We agree and reverse.

" 'A boy fourteen years of age is presumptively chargeable with the same standard of diligence for his own safety as an adult.' [Cit.] This, of course, means that after a youth has reached the age of 14 years he will not be treated as a 'child of "tender years," but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs.' [Cit.]" *Redding v. Morris*, 105 Ga. App. 152, 154-155 (123 SE2d 714) (1961). Accord *Biggs v. Brannon Square Assoc.*, 174 Ga. App. 13, 17 (329 SE2d 239) (1985).

Viewing the charge as a whole, although the trial court did not instruct the jury that appellee *was* a "child of tender years," we find that giving the instructions concerning "children of tender years" and that "[t]here is a greater duty owed to small persons, small children, lawfully upon premises than there is owed to older persons," while also charging the jury that "a boy over the age of fourteen . . . is chargeable with exercising due care and diligence of his own safety against palpable and manifest peril" was likely to confuse the jury as to the applicable standard of care. "Where a charge containing two distinct propositions, conflicting one with the other, is calculated to leave the jury in such a confused condition of mind that the jury cannot render an intelligible verdict, the result cannot be held harmless

and requires the grant of a new trial. [Cits.]" *Rizer v. Harris*, 182 Ga. App. 31, 34-35 (3) (354 SE2d 660) (1987). Accordingly, we reverse and remand this case for a new trial.

4. Appellant finally enumerates as error the trial court's failure to give a requested addition to its charge concerning the Commissioner of Labor having enacted regulations prohibiting any minor under the age of sixteen from employment in dangerous occupations. The requested addendum would have informed the jury that the Commissioner had not declared the operation of a zoo or the exhibition of wild animals to be such a dangerous occupation.

OCGA § 39-2-2 authorizes the Commissioner of Labor to promulgate regulations listing those occupations dangerous to minors under the age of sixteen. Regulation 300-7-2-.01, promulgated pursuant to that statute, contains a list of those occupations deemed dangerous by the Commissioner, and in which no minor may be employed (which list does not include the operation of a zoo), but also states "nor shall a minor under the age of 16 be similarly employed in any other occupation that a reasonable person in good conscience would consider dangerous to the life, limb or injurious to the health and/or morals of such minor." Only the latter, "catchall" portion of the regulation was charged by the trial court. We find no error in the trial court's omission of the requested addendum as it is clear from the regulation that the list of dangerous occupations was not meant to be exhaustive. However, because we have held in Division 3 that a new trial is required, we note that upon retrial a more balanced charge would inform the jury that the regulation provides that no minor under the age of sixteen shall be employed in the occupations listed or "in any other occupation that a reasonable person in good conscience would consider dangerous."

*Judgment reversed and case remanded. Banke, P. J., and Pope, J., concur.*

Decided July 11, 1989 —
Rehearing denied September 5, 1989 —

*Glover & Blount, Percy J. Blount*, for appellant.
*Samuel F. Maguire, Bell & Bell, David B. Bell*, for appellee.