A90A1922. SHEPARD v. STREETMAN.
(402 SE2d 87)

CARLEY, Judge.

In *McKinnon v. Streetman*, 192 Ga. App. 647 (385 SE2d 691) (1989), the judgment entered on a jury's verdict in favor of appellee-plaintiff in this tort action was reversed and the case was thereafter

retried. A jury verdict was again returned in favor of appellee and appellant-defendant now appeals from the judgment that was entered thereon. The facts, insofar as they are relevant to resolution of the instant appeal, are set forth in the original opinion and need not be repeated.

Appellant enumerates as error only the denials of his motions for a directed verdict and for judgment notwithstanding the verdict. The contention is that the evidence demanded a finding that, as a matter of law, appellee assumed the risk of being mauled by a tiger while engaged in his employment at appellant's private zoo.

The evidence shows that appellee was not hired to enter the cages and come into direct contact with the animals therein. Compare *Lundy v. Stuhr*, 185 Ga. App. 72 (363 SE2d 343) (1987). He was hired to perform general maintenance tasks, including raking the areas outside the cages. The evidence did not demand a finding that appellee was injured after he intentionally chose to come into direct contact with the tiger. Compare *LaHoste v. Yaarab Mounted Patrol*, 89 Ga. App. 397 (79 SE2d 570) (1953). The jury was authorized to find that he was injured when the tiger reached its paw through an aperture in the cage and mauled him while he was otherwise engaged in his raking duties outside the cage. According to appellee, he was following appellant's instructions with regard to how and where to rake when he was injured. "One of the duties of a master is that of refraining from giving orders which will require the servant to put himself in a position where he will be subject to risk of injury from a dangerous instrumentality." *Cherokee Brick Co. v. Hampton*, 16 Ga. App. 53, 54 (5) (84 SE 328) (1915). Thus, the evidence would authorize a finding that appellant breached this duty by instructing appellee to rake in such close proximity to the tiger cage that it was possible for the tiger to reach its paw through the aperture and maul him.

While there is also evidence that appellee was aware of the aperture in the cage, had previously seen the tiger reach its paw through that aperture, and had specifically been warned with regard thereto, there is no evidence *demanding* a finding that appellee either knew exactly how far the tiger could reach its paw through the aperture or was aware that, if he stood where appellant had instructed him to perform his raking duties, there was a decided risk of being mauled. Accordingly, it cannot be said that appellee's recovery for the breach of appellant's duty is barred, as a matter of law, under the theory that the risk of being mauled by the tiger was knowingly assumed as an incidence of his employment. "As a general rule, the contractual relation of master and servant includes an implied agreement on the part of the servant to assume the risks ordinarily incident to the service for which he is employed, but this term of the contract (which is implied from the nature of the relation created by the contract of ser-

vice) may be abrogated by a distinct order on the part of the master to use a dangerous appliance in the manner directed by the master, accompanied by an implied assurance that the instrumentality which the servant is directed to use is safe. Under such circumstances, the order of the master may amount to a waiver of his right to insist upon the servant's implied obligation to assume risks, which will thereafter estop the master from asserting that the servant assumed the hazard attending the act which the master himself directed." *Cherokee Brick Co. v. Hampton*, supra at 53-54 (1). See also *Seagraves v. ABCO Mfg. Co.*, 118 Ga. App. 414 (164 SE2d 242) (1968). "Since the servant is authorized to act upon the belief that the master will properly perform all his duties growing out of the relation, he is also justifiable in taking for granted that the master will not give him an order which will expose him to unusual danger and to risks not already assumed by him." *Southern Cotton-Oil Co. v. Gladman*, 1 Ga. App. 259, 263 (5) (58 SE 249) (1907). " 'When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right. But if against this judgment is set the judgment of a superior, — one, too, who from the nature of the callings of the two men, and of the superior's duty, seems likely to make the more accurate forecast, — and if to this is added a command to go on with his work and to run the risk, it becomes a complex question of the particular circumstances whether the inferior is not justified, as a prudent man, in surrendering his own opinion and obeying the command. The nature and the degree of the danger, the extent of the plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down.' " *Bush v. West Yellow Pine Co.*, 2 Ga. App. 295, 299-300 (3) (58 SE 529) (1907). There being no "universal rule," it was for the jury to resolve the "complex question" of whether, under the "particular circumstances" of the instant case, appellee assumed the risk of the employment-related injury that he suffered. It follows that the trial court correctly denied appellant's motions for a directed verdict and judgment notwithstanding the verdict.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 4, 1991.

*Glover & Blount, Gary A. Glover, Percy J. Blount*, for appellant. *Bell & Bell, David B. Bell*, for appellee.