## A94A1646. ROBERTS v. CARTER.
(448 SE2d 239)

ANDREWS, Judge.

Carter sued Roberts d/b/a Munchey's Used Cars for injuries he sustained while doing repair work on a truck at Roberts' place of business. We granted Roberts' application for an interlocutory appeal from the trial court's denial of his motion for summary judgment.

Carter crawled under the truck while it was being held off the ground by a hoist and chain. The chain broke and the truck fell, injuring Carter. Carter alleged that the chain provided by Roberts to hoist the truck was inadequate for the job and created a dangerous condition on the premises which proximately caused his injuries. Roberts sought summary judgment on the basis that Carter assumed the risk of crawling under the truck while it was supported by only the hoist and chain.

Construing the facts in favor of Carter as the respondent to the motion for summary judgment, the record shows that Roberts invited Carter onto the premises for the purpose of attempting a minor repair job on the truck. The job required that the front end of the truck be lifted off the ground so that Carter could get under it to do the work. Roberts provided a hoist and chain to lift the truck. Carter testified that, after the truck was hoisted up with the chain, he knew that it was unsafe to rely solely on the chain to hold up the truck while he worked underneath it and knew that supports needed to be placed under the truck as safety devices to prevent the truck from falling on him if the chain did not hold. Carter was an experienced mechanic, who testified that, when working under a hoisted vehicle, it was customary to use fixed supports as a safety device to prevent the vehicle from falling.

After the truck was hoisted, Roberts agreed supports were needed under the truck and, after no supports could be found in the immediate area, Roberts stated he would go retrieve some from his house located a short distance away. Carter testified that, as Roberts left to go get the supports, Roberts told him to crawl under the truck to see what kind of tools he would need for the repair job and told him that the chain should hold the truck while he did so. Carter testified that, following Roberts' instructions and relying on Roberts' statement that the chain should hold, he crawled under the truck to determine the tools he would need. While he was under the truck without safety supports, the chain broke and the truck fell on him. Carter admitted he knew it was dangerous to go under the unsupported truck because he did not expect the chain to hold. Carter also

testified that he was not compelled or coerced by Roberts or any emergency situation to go under the truck without supports.

Having invited Carter onto the premises for the purpose of repairing the truck, Roberts was liable for any injuries to Carter proximately caused by his failure to exercise ordinary care to keep the premises safe. OCGA § 51-3-1. Nevertheless, assuming Roberts was negligent in providing an inadequate chain and in telling Carter to go under the unsupported truck, "[a] person cannot undertake to do what obviously is a dangerous thing, even if he is directed by another, without assuming the risks incident thereto and without himself being guilty of such lack of due care for his own safety as to bar him from recovery." (Citation and punctuation omitted.) *Meriwether Memorial Hosp. Auth. v. Gresham*, 202 Ga. App. 535, 536 (414 SE2d 694) (1992); *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 402-403 (343 SE2d 164) (1986). "One who knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages, although the same may be in part attributable to the latter's negligence." (Citation and punctuation omitted.) *Taylor v. Schander*, 207 Ga. App. 627 (428 SE2d 806) (1993).

Carter, an experienced mechanic familiar with the risks of working under hoisted vehicles, clearly did not rely on any assurance given by Roberts. Compare *Cherokee Brick Co. v. Hampton*, 16 Ga. App. 53 (84 SE 328) (1914); *Shepard v. Streetman*, 198 Ga. App. 474 (402 SE2d 87) (1991). Moreover, Carter's course of action was voluntary and not restrained by any coercive circumstances or emergency. *Moore v. Svc. Merchandise Co.*, 200 Ga. App. 463, 464 (408 SE2d 480) (1991); compare *Kitchens v. Winter Co. Builders,* 161 Ga. App. 701, 702-703 (289 SE2d 807) (1982).

Because Carter fully comprehended and acquiesced in the danger of working under the unsupported truck, he assumed the risks incident to his own voluntary actions, which were the sole proximate cause of his injuries. *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 576 (436 SE2d 690) (1993). Although negligence and proximate cause are usually issues for jury determination, the undisputed facts in this case clearly establish that Carter assumed the risk of injury and is barred from recovery. *Taylor*, supra. Accordingly, the trial court erred by denying Roberts' motion for summary judgment.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

542

*Warren C. Grice*, for appellant.
*John J. Czura, James B. Duncan III*, for appellee.