A95A2184. BATTS et al. v. CRACKER BARREL OLD COUNTRY STORE, INC.

(464 SE2d 829)

BIRDSONG, Presiding Judge.

This is another trench cave-in case. Plaintiff Batts worked for Master Plumbing Sewer & Drain, Inc., which was hired by Cracker Barrel Old Country Store, Inc. to replace a terra cotta sewer pipe with a PVC pipe. Batts contends the original pipe was installed by Cracker Barrel in an old pond bed, so that the ground around the terra cotta constantly filled with water. Master Plumbing arranged to have the water pumped out. However, Master Plumbing did not shore up the sides of the trench. At least five or six times before Batts' injury, the walls of the trench caved in while Master Plumbing's workers were installing new pipe sections. Batts contends Master Plumbing's owner requested an advance from Cracker Barrel to pay for materials to either stabilize the trench walls or dig the trench walls at a safe angle, but that Cracker Barrel refused such an advance and told them to keep digging. After being injured in a cave-in, Batts sued Cracker Barrel, citing Cracker Barrel's negligence in defectively constructing a terra cotta sewer pipe in a former pond bed, in failing to allow the use of safety equipment and precautions, and in insisting Batts and his employer keep working in the face of the hazards occasioned by Cracker Barrel's defective construction of the premises. From an adverse summary judgment, Batts appeals. *Held*:

The standards of summary judgment are stated in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). The evidence discloses beyond any material issue of fact that the cause of the cave-in was the failure of Batts' employer to shore up the sides of the trench or properly slope its sides. The evidence also discloses beyond any issue of fact that Batts and his employer had ample notice of the tendency of this trench to cave in. We do not see a proximal causal chain from this trench cave-in to the fact that Cracker Barrel installed terra cotta pipe in an old pond bed. The fact that the trench filled with water seeping from the surrounding soil was merely a hazard which made proper shoring or sloping of the trench absolutely essential. This hazard was known to Batts and to his employer. They even concede they recognized the need to shore up or slope the sides of the trench. If they did not have the material to build the trench properly and if Cracker Barrel refused to advance them the money to supply that material, they were not required to keep working in the trench. There is no evidence cited to us that Cracker Barrel refused to allow Master Plumbing to take the proper safety precautions and forced its employees to continue working in the unshored trench.

As a general rule, a proprietor may be liable for injury caused to an invitee where the proprietor knows of a dangerous condition and

the invitee cannot reasonably discover it, the basis of liability being the proprietor's superior knowledge of the danger. *Amear v. Hall*, 164 Ga. App. 163, 167-168 (296 SE2d 611); *Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450). However, an exception to the general rule exists where workers are hired to perform work which makes safe a place known to be dangerous or which in its progress necessarily changes the character for safety of the place in which it is performed as the work progresses. *Elsberry v. Ivey*, 209 Ga. App. 620, 621 (434 SE2d 158).

Another exception to the general rule of proprietor's liability arises with the doctrine of assumption of risk. This doctrine applies where the plaintiff, with a full appreciation of the danger and without restriction from his freedom of choice either by the circumstances or by coercion, deliberately chooses an obviously perilous course of conduct. *Moore v. Svc. Merchandise Co.*, 200 Ga. App. 463, 465 (408 SE2d 480). If the plaintiff's actions were voluntary and he was not coerced by any compelling circumstances or emergency, he cannot recover damages from another. *Roberts v. Carter*, 214 Ga. App. 540, 541 (448 SE2d 239). The danger of the trench proximally existed because Master Plumbing failed to shore up the trench, not because Cracker Barrel built the pipe in a wet place. If Batts felt coerced to get in a trench which had already caved in five or six times and had not been shored up or sloped, the evidence discloses beyond any material issue of fact that it was not Cracker Barrel's agent who coerced him. As a general rule, such questions are for the jury, unless as a matter of law, the plain, palpable and indisputable evidence shows the cause of the injury was negligence of one party. See *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701 (289 SE2d 807). Reasonable minds cannot differ that by refusing to advance funds to buy materials to shore up the trench sides and by telling Master Plumbing to keep digging, Cracker Barrel's agent did not "coerce" Batts to keep digging in the trench, for there is no evidence that Cracker Barrel's agent actually curtailed or removed Batts' freedom of choice. "A person cannot undertake to do what obviously is a dangerous thing, *even if he is directed by another*, without assuming the risks incident thereto and without himself being guilty of such lack of due care for his own safety as to bar him from recovery." (Emphasis supplied.) *Forde v. Citizens & Southern Ga. Corp.*, 178 Ga. App. 400, 402-403 (343 SE2d 164); *Roberts*, supra at 541. In any case, it was not Cracker Barrel's agent but Batts' employer who had the say-so whether Batts should stay in the trench. Batts and his employer knew the trench was particularly dangerous because it had caved in many times before, but they deliberately chose to continue in the task. Cracker Barrel's failure to advance funds and its directive to keep digging did not remove Batts' freedom of choice.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 9, 1995 —
RECONSIDERATION DENIED DECEMBER 5, 1995.

*Sell & Melton, Doye E. Green, Jr.*, for appellants.

*Anderson, Walker & Reichert, Robert A. B. Reichert*, for appellee.