33344. SPENCE *v.* THE STATE.

DECIDED JANUARY 26, 1951. REHEARING DENIED MARCH 20, 1951.

*H. Alonzo Woods,* for plaintiff in error.
*Darius N. Brown, Solicitor,* contra.

TOWNSEND, J. As to the charge of drunken driving, the prosecutor's testimony was as follows: "When he came back up there I had a chance to observe his condition with reference to being under the influence of alcohol; he was in no state to drive a car." Another witness for the State testified, "When I got there I saw George Spence, he was there when I got there. I saw Sgt. Powell when I got there, he was standing there talking to George. I observed George Spence's condition as to being drunk, he was drinking." It is held in *Durham* v. *State,* 166 *Ga.* 561 (3) (144 S. E. 109), that the opinion of a witness who

had, and was. able to improve, suitable opportunities for observation, may state whether a person was intoxicated, or that he appeared to be drinking.

The testimony of the prosecutor is not of itself sufficient to sustain a conviction of operating an automobile while under the influence of liquor. It was sufficient to show that the defendant was driving the automobile, but on the question of whether or not he was under the influence of alcohol, his testimony was that he had an opportunity to observe the defendant's condition in this respect and that it was such that he was in no state to drive a car. However, he failed to say that he was under the influence of alcohol. His testimony, standing alone, is insufficient to show why he "was in no state to drive a car." However, the testimony of the prosecutor to this effect was in the same sentence as was his testimony that "I had a chance to observe his condition with reference to being under the influence of alcohol." Therefore, when his testimony is considered in connection with the testimony of another witness that the defendant "was drinking," coupled with the testimony of the prosecutor as to the manner in which the defendant operated his automobile, his conduct immediately after the collision and other circumstances, the evidence is sufficient to support the verdict.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*