### 38507. HILL v. ROSSER, Administrator.

JORDAN, Judge. The plaintiff in error, who was the defendant in an action to recover damages for personal injuries resulting from the collision of two automobiles, excepts to the judgment of the Superior Court of Madison County denying his motion for a new trial on the general and four special grounds. This case was submitted on briefs without oral argument, and the plaintiff in error not having referred in his brief to the general grounds, they are considered abandoned. *Held:*

1. Special ground 1 assigns error on the admission in evidence of the conclusion of the witness as to the intoxicated condition of the defendant over the objection that said conclusion was without sufficient facts to support it. The witness, a State Highway Patrolman, testified that the defendant had admitted drinking several cans of beer prior to the accident, that several empty beer cans were found under the door of the defendant's automobile after the accident, that he smelled alcohol on the defendant's breath, and that from the manner in which he spoke and acted, the defendant appeared to be under the influence of some form of alcohol and in no condition to drive a car with safety. Such facts are sufficient to support

the conclusion of the witness and thus the ground is without merit. *Spence v. State*, 83 Ga. App. 588 (63 S. E. 2d 910); *Murdock v. State*, 96 Ga. App. 838 (101 S. E. 2d 746).

2. Special ground 2 which complains that there was no evidence in the record to authorize the court to charge the provisions of *Code* § 68-1625 (a), relating to driving under the influence of intoxicating beverages, is likewise without merit.

3. Under the facts and circumstances of this case, as disclosed by the evidence, it was a question for the jury as to whether the defendant was driving at a reasonable and prudent speed at the time of the collision out of which this action arose. Accordingly, it was not error for the court to give in charge to the jury *Code Ann.* § 68-1626 (a), which provides: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

4. It is contended in special ground 4 that that portion of the jury's verdict, awarding $17,000 as damages for pain and suffering, is so excessive as to show on its face that it was the result of bias and prejudice, or else of a total misunderstanding of the nature of the case. The record in this case is replete with evidence that the plaintiff's decedent, who received multiple and severe injuries of a painful nature, including a fracture of the nose and face, bruises and lacerations of the nose and face, a possible brain concussion, fractures of both arms and legs, a dislocated hip, and fracture of the ribs, both sides, was conscious or semi-conscious, though under heavy sedation, for much of the time during the four days which she lived following the accident; and that she suffered great pain during this time. Since damages for pain and suffering are measured solely by the enlightened consciences of impartial jurors, this measure affords a broad discretion to the jury as to the amount of the award. In the absence of any showing of actual bias or mistake, we cannot say that the verdict returned by the jury in this case, and approved by the trial judge, is so excessive as a matter of law as to justify the inference of gross mistake or undue bias, notwithstand-

778

ing the fact that the plaintiff's decedent lived only four days following the accident. *Code* § 105-2015; *Atlanta & West Point R. Co. v. Gilbert*, 82 Ga. App. 244, 248 (60 S. E. 2d 787) and cases therein cited. Accordingly, special ground 4 of the amended motion is without merit.

The general grounds having been abandoned and none of the special grounds being meritorious, the judgment denying the motion for new trial as amended must be affirmed.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED NOVEMBER 18, 1960—REHEARING DENIED
DECEMBER 1, 1960.

*Harold A. Boggs, Erwin, Birchmore & Epting,* for plaintiff in error.

*R. Howard Gordon, Joseph J. Gaines,* contra.