### 64439, 64440. CENTRAL OF GEORGIA RAILROAD COMPANY v. WOOTEN; and vice versa.

POPE, Judge.

Central of Georgia Railroad Company sued Richard Wooten d/b/a J & W Hauling for damages to its locomotive, train and track received in a collision with Wooten's truck. Wooten in turn filed a counterclaim for damages to his truck, trailer and cargo. The circumstances which brought about this suit are as follows. On the morning of July 17, 1979 Arbennie Cope, an employee of Wooten, was traveling north on Georgia Highway 135 in a tractor trailer owned by Wooten. Cope was very familiar with the highway because he had been traveling it since 1974. The railroad crossing where the collision occurred was adequately guarded with a yellow railroad warning sign placed approximately 500 feet from the track, a railroad crossing sign painted on the road 280 feet from the track, and an official red highway stop sign at the track. On the day of the accident Mr. Cope was crossing the intersection where the collision occurred for the sixth time within the past twenty-four hours. As Mr. Cope approached the crossing he began to gear down but did not come to a complete stop. Once he saw the train and realized he was not going to be able to stop, he veered off the highway to the left in hope of avoiding a collision. The tractor part of the truck cleared the track; however, the trailer did not and was struck by the train at a point 50 or 60 feet west of the crossing. The jury returned a verdict for Wooten but did not award any damages on the counterclaim. Central of Georgia brings this appeal alleging three enumerations of error. Wooten brings a cross appeal also alleging three enumerations of error.

1. Central of Georgia's first and third enumerations challenge the sufficiency of the evidence to support the verdict. Jimmy Sammons, the brakeman on the train, testified that he had a clear view down Highway 135 of oncoming traffic at a point approximately 300 feet from the crossing. It was one of his duties as brakeman sitting on the engine to keep a lookout for traffic which might run the stop sign. However, Sammons did not see Wooten's truck until the train was 150 to 200 feet from the intersection. Sammons warned the engineer that the truck was coming. However, even after a second

warning the emergency brakes were not applied until right at the crossing just prior to impact. The train was traveling 18 to 20 miles per hour at a distance 1200 feet from the crossing and also at the point of collision. There was evidence that if the engineer had applied the emergency brakes at the first warning while traveling at this speed, the train might have been able to stop within 150 to 200 feet.

In Georgia questions of diligence and negligence, including contributory negligence, are questions for the jury and this court will not interfere with those decisions, except in plain and indisputable cases. *Farmers Mut. Exchange v. Milligan,* 156 Ga. App. 38 (274 SE2d 83) (1980). Since there was conflicting evidence in this case, the jury was authorized to conclude that Central of Georgia's actions or inaction constituted negligence equal to or greater than that of Wooten. In *Seaboard C. L. R. Co. v. West,* 155 Ga. App. 391, 392 (271 SE2d 36) (1980), this court stated: "Whether the train was being operated at a speed so as to avoid doing injury to persons on the crossing, and whether if the emergency brakes had been applied earlier those persons would not have been injured, presented questions of negligence which were properly within the province of the jury. The trial court did not err in denying the . . . motions for judgment notwithstanding the verdict or for new trial, since there was at least some evidence to support the verdict."

Nor did the court err in charging the jury on the last clear chance doctrine. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code Ann. § 105-603. " '(I)t is only after one [here Central of Georgia] finds another [Wooten] who has negligently placed himself in a position of peril, and because of his [Wooten's] helplessness is unable to extricate himself from his position of peril, that the duty arises to use ordinary care to avoid injuring him [Wooten],' that the last clear chance or humanitarian doctrine becomes applicable." *Shuman v. Mashburn,* 137 Ga. App. 231, 234 (223 SE2d 268) (1976); *Georgia S. & F. R. Co. v. Odom,* 152 Ga. App. 664 (2) (263 SE2d 469) (1979). In this case Wooten's driver placed himself in peril when he failed to come to a complete stop at the stop sign. The evidence showed that Central of Georgia realized the truck was not going to be able to stop and therefore the duty arose to use ordinary care to prevent a collision. Evidence of record also showed that if Central of Georgia's engineer had applied the emergency brake when first warned that Wooten's truck was not going to be able to stop, the accident may have been avoided. Thus, the trial court did not err in charging the jury on the doctrine of last clear chance.

2. The second enumeration of error states that it was error for

the trial court to allow Wooten's counsel to cross-examine Central of Georgia's security guard, Tanner Knox, concerning the number of railroad officials and claims agents present at the scene of the accident. Central of Georgia alleges that it was unfair to allow testimony concerning the investigative efforts of a self-insured party (the railroad) while prohibiting examination concerning such efforts by Wooten's insurer.

" 'In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial.' " *City Council of Augusta v. Lee,* 153 Ga. App. 94, 99 (264 SE2d 683) (1980). However, here it appears that no mention of insurance was ever made. Wooten's counsel was apparently trying to determine the number of railroad employees present at the scene of the accident when Mr. Knox arrived, which information was relevant to the railroad's ability to collect and preserve evidence concerning the accident.

In addition, this court has declared: "The scope of cross examination [rests] largely with the discretion of the trial judge. Same will not be controlled by a reviewing court unless it is manifestly abused." *Franklin v. State,* 136 Ga. App. 47, 50 (220 SE2d 60) (1975). In this case we find no manifest abuse of discretion in allowing Wooten to determine the number of railroad employees present at the scene of the accident. Thus, Central of Georgia's second enumeration of error is without merit.

3. On cross appeal Wooten raises three enumerations of error concerning improper and confusing jury charges. Wootem's first enumeration of error states that the trial court erred in charging the jury concerning the duty owed while operating a train in approaching a crossing. The trial court charged as follows: "I charge you that the Georgia law does not charge the railroad with the absolute duty of operating a train in approaching a crossing in such a manner as to be able to stop it in order to avoid injury to a person at such crossing. The duty of a railroad in approaching such crossing is to use ordinary care and diligence." We find this to be a correct and complete statement of the law. *Georgia S. & F. R. Co. v. Haygood,* 103 Ga. App. 381 (5) (119 SE2d 277) (1961). Thus, Wooten's first enumeration of error is without merit.

4. Wooten's second enumeration of error states that the trial court erred in charging the jury that the right of way of a crossing is dependent upon general rules of law regarding the use of intersections. The court charged as follows: "I charge you that whether a train or automobile has a right of way of crossing depends upon general rules of law regarding the use of intersections, and not

merely the duty of one driver to anticipate that another may be about to make use thereof. If, therefore, you find that there was erected at the time of collision complained of a stop sign requiring the plaintiff's driver to stop, such driver of the motor vehicle would be required to stop absolutely, and regardless of whether or not he anticipated the coming of the railroad train." Wooten alleges that the jury was informed that they were to rely on the general rules of law regarding the use of intersections but that the court failed to charge them on those rules except for the rule with regard to stop signs.

Wooten failed to make any request for instructions concerning the general rules of law regarding the use of intersections. The charge complained of was a correct statement of the law and was adjusted to the facts in this case. If Wooten desired more specific instructions on the rules of law regarding the use of intersections, a written request should have been submitted. *Saxon v. Toland,* 114 Ga. App. 805 (1) (152 SE2d 702) (1966).

5. Wooten's final enumeration alleges that the trial court erred in failing to charge Wooten's request to charge No. 2 while giving request to charge No. 3. Wooten alleges that they are part and parcel of the same principle of law. Request to charge No. 2 is as follows: "I charge you that the engineer of a railroad locomotive is under a duty to operate his locomotive at a speed where he will have immediate and proper control thereof." Request to charge No. 3, which the court gave, states as follows: "I charge you that one who operates a locomotive at such speed that he cannot bring the same to a stop within the distance dictated by the voice of ordinary care does not have immediate or proper control of the conveyance." Wooten contends that to give request No. 3 concerning breach of duty without having first given request No. 2 describing the duty was confusing to the jury. We disagree. Request No. 3 substantially covers the principle of law set out in request No. 2 and therefore no error appears. *Evans v. State,* 148 Ga. App. 422 (2) (251 SE2d 325) (1978); *Travelers Ins. Co. v. Anderson,* 53 Ga. App. 1 (1) (184 SE 813) (1935).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 27, 1982.

*J. Converse Bright,* for appellant.
*Terry A. Dillard, Daniell S. Landers,* for appellee.