64827. KENT v. HUNT & ASSOCIATES, INC. et al.

CARLEY, Judge.

Appellant-plaintiff hired appellee-defendant to construct a building to be used as appellant's law office. After construction began, disagreements arose between the parties and the situation became strained. Subsequently, appellee was locked off the job by appellant and was thereby prevented from further work on the project. Appellant sued, alleging breach of contract, negligent construction, malicious abuse of process, fraud and conversion of personal property. Appellee answered the complaint and, in addition, filed a counterclaim, which, as amended, sought only damages for breach of contract. After a jury trial, a verdict was returned in favor of appellee in the main action and on the counterclaim, the verdict on the counterclaim being in the amount of $20,822.71. Appellant appeals from the judgment entered on the verdicts.

1. Appellant enumerates as error the charge given by the trial court on damages recoverable by a contractor when the contract of construction is wrongfully breached by the owner. Appellant contends that this charge, which was taken directly from this court's decision in *Williams v. Kerns,* 153 Ga. App. 259 (265 SE2d 605) (1980), was not supported by the evidence. However, the record shows that appellant also requested the very same charge. "A party can not complain that the court gave a certain charge to the jury when he himself requested that a similar instruction be given, although the request may have been refused. [Cits.]" *Sarman v. Seaboard Air-Line R. Co.,* 33 Ga. App. 315, 321 (125 SE 891) (1924). Appellant's first enumeration of error is without merit.

2. Appellant enumerates as error the denial of his motion for directed verdict as to appellee's counterclaim. Appellant specifically asserts that appellee failed to prove the amount of damages allegedly sustained. Our review of the transcript reveals that appellee did offer specific evidence of damages incurred. "[I]n reviewing the [denial] of a motion for a directed verdict, the appropriate standard to be utilized is the 'any evidence' test. [Cit.] A directed verdict is proper only where there is no conflict of evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. [Cit.]" *Jones v. Smith,* 160 Ga. App. 147, 148 (286 SE2d 478) (1981). There being evidence to support the verdict returned by the jury, the trial court did not err in denying the motion for directed verdict. *Curl v. First Fed. Savings &c. Assn.,* 243 Ga. 842 (1) (257 SE2d 264) (1979).

3. Appellant further enumerates as error the trial court's charge that ". . . if you find that the [appellee] has fully complied with his obligation under the contract both as to the materials used and the manner of doing the work, he is not to be accountable for unsatisfactory results." Such a charge is a correct statement of the law. *Bettis v. Comfort Control, Inc.,* 115 Ga. App. 104, 105 (153 SE2d 678) (1967). Furthermore, there is evidence that, although there were defects in the building, appellee complied with the plans and specifications of the contract. The challenged charge was correctly given in this case.

4. Next, appellant asserts that the trial court erred in giving the following charge: "Where the compensation is due only on the performance of the contract, a literal and strict performance is not required. If the builder acting in good faith and intending and attempting to perform his contract does fulfill the contract, he may recover the contract price notwithstanding slight and trivial defects or deviations in performance for which compensation may be made in all its material and substantial particulars by an allowance to the

owner." The charge is essentially a correct statement of the law of substantial performance. See *Allied Enterprises v. Brooks,* 93 Ga. App. 832, 834 (3) (93 SE2d 392) (1956). Furthermore, the charge is not "argumentative" and clearly makes allowance to the owner for defects or deviations in performance. The charge was not erroneously given.

5. Appellant next enumerates as error the charge given by the trial judge that "where a party prevents the performance of a stipulation of a contract undertaken by the other party, he is estopped from setting up in his own behalf any injury which may have resulted from the nonperformance of such condition." The charge is a correct statement of the law. *Allied Enterprises,* 93 Ga. App. at 834 (3), supra. There is evidence in the record that appellee was locked off the job by appellant. The trial court did not err in giving this charge.

6. Appellant further enumerates as error the denial of his motion for directed verdict as to his claim for conversion of a tractor. The evidence shows that the appellee lawfully acquired possession of the tractor in question. There is considerable evidence creating an issue of fact as to whether it was the intent of the parties to transfer title to appellee at the time he took possession of the tractor. There was no error in denying appellant's motion for directed verdict. *Kornegay v. Thompson,* 157 Ga. App. 558 (278 SE2d 140) (1981).

7. Appellant enumerates as error the court's ruling that, under the provisions of the contract, appellee could recover interest on the payments which were due but unpaid. Our review of the record demonstrates that the objection raised in the trial court in this regard is not asserted in this court. Likewise, the objection presented on appeal with regard to this enumeration of error was not raised in the court below. Accordingly, the issue underlying this enumeration, not being raised at trial, cannot be considered on appeal. *M. W. Buttrill, Inc. v. Air Conditioning Contractors,* 158 Ga. App. 122 (279 SE2d 296) (1981). This enumeration is without merit. See also *Craig v. State,* 130 Ga. App. 689, 692 (204 SE2d 307) (1974).

8. Appellant next cites as error the denial of his motion for mistrial based on testimony elicited by appellant from a witness on cross-examination. Appellant made a motion for mistrial soon after the statements in question were made. The motion was denied, but the trial judge, at appellant's request, instructed the jury "not to consider any matters except as they are relevant to this particular case and the issues in this case." Appellant did not renew his motion for mistrial at that time, but waited until after both parties had rested to do so.

"[I]t is the general rule that, in order to preserve a point of error

for the consideration of an appellate court, counsel must take exception to the alleged error at the *earliest possible opportunity* in the progress of the case by a proper objection made a part of the record." (Emphasis supplied.) *Nashville &c. R. v. Ham,* 78 Ga. App. 403, 408 (50 SE2d 831) (1948). This court has held that, where, in response to statements made during the closing argument, the appellant failed to move for a mistrial immediately following the closing argument, but waited to do so until the jury had been charged, the motion was not timely, and the movant thereby waived his right to seek a new trial. *Nationwide Mutual Fire Ins. Co. v. Rhee,* 160 Ga. App. 468 (287 SE2d 257) (1981). See also *Culpepper v. State,* 132 Ga. App. 733 (4) (209 SE2d 18) (1974). Appellant, in the instant case not only failed to renew his motion at the "earliest possible opportunity" but did not so renew until after both parties had rested. Accordingly, we hold that appellant's renewal of his motion for mistrial was not timely and that, therefore, the trial court did not err in denying the motion.

9. Appellant's final enumeration raises the general grounds. This court does not pass on the weight of the evidence, only on the sufficiency thereof. If there is "any evidence" to sustain the jury's verdict, an appellate court will not disturb it. *Howard v. Howard,* 150 Ga. App. 213 (1) (257 SE2d 336) (1979). The evidence in the instant case was sufficient.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 5, 1983 —
REHEARING DENIED JANUARY 24, 1983.

*J. Walter Owens, L. B. Kent,* for appellant.
*Joey M. Loudermilk,* for appellee.