72090. CITIZENS JEWELRY COMPANY v. WALKER.
(345 SE2d 106)

SOGNIER, Judge.

Paula Walker brought this action against Citizens Jewelery Company (Citizens) seeking damages in connection with the sale of a ring. The jury returned a verdict in favor of Walker and Citizens appeals.

Appellee purchased what was represented to be a 2.2 carat diamond ring from one of appellant's stores. Appellee was later informed by a jeweler that the stones in her ring were not diamonds but were cubic zirconium, synthetic stones of considerably less value. Appellee immediately returned to appellant's store and was told by appellant's employees that they would send the ring to appellant's home office in Houston, Texas, for "whatever needed to be done at the time to make it right." Subsequently, appellant returned the ring to appellee and informed her that the ring was not the same ring which appellant had originally sold appellee. It is uncontroverted that the stones in the ring which appellant returned to appellee were synthetic cubic zirconium rather than diamond. In her complaint appellee alleged damages for breach of contract, breach of express and implied warranties, fraud, conversion and negligence. The jury returned a verdict in her favor on her counts of breach of contract and breach of warranties, awarding her $25,000 for breach of contract but no further damages for breach of warranty. The jury found against appellee on her remaining claims.

1. Appellant contends error in the trial court's charge to the jury regarding implied warranty and bailment. Appellant's argument that a charge on implied warranty was unauthorized in the instant action because it is uncontroverted that the seller gave an express warranty is without merit. See OCGA § 11-2-317. The express warranties which appellant gave appellee did not exclude or modify the implied warranties of merchantability and fitness for a particular purpose, see OCGA §§ 11-2-314; 11-2-315, nor were those implied warranties excluded or modified in any other manner. See OCGA § 11-2-316; *Entertainment Developers v. Relco, Inc.*, 172 Ga. App. 176 (1) (322 SE2d 304) (1984). Thus, the trial court's charge on implied warranty was authorized by the evidence. Contrary to appellant's argument as

to the charge on bailment, there was ample evidence of bailment presented without objection by both parties to deem the complaint amended to include a claim under a bailment theory. See OCGA § 9-11-15 (b); see generally *C & W Land Dev. Corp. v. Kaminsky*, 175 Ga. App. 774, 776 (3) (334 SE2d 362) (1985). The charge as given by the trial court was correct under OCGA §§ 44-12-40; 44-12-43, and 44-12-44, and did not improperly shift the burden of proof from appellee to appellant. Moreover, any error in the trial court's charge on the grounds alleged would be harmless because the jury assessed no damages against appellant for breach of implied warranty and did not return a verdict against appellant on a bailment theory.

2. Appellant's remaining enumeration raises the general grounds. On appeal, we must construe the evidence more strongly in support of the jury's verdict and the judgment thereon, *White v. Olderman Realty &c. Co.*, 166 Ga. App. 179, 180 (2) (303 SE2d 517) (1983), and if there is any evidence to sustain the jury's verdict, we will not disturb it. *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 172 (9) (299 SE2d 123) (1983). Appellee testified that the stones in the ring she purchased from appellant did not sparkle like typical diamonds but instead appeared dull and dirty looking and that the ring required frequent cleaning. Appellee also testified that the ring which was ultimately returned to her by appellant was identical to the ring she had initially purchased from appellant. Appellee's expert testified that a diamond ring, such as the one appellee had contracted to purchase from appellant, would have had a value of $25,000 to $30,000 whereas the ring which appellant returned to appellee was worth approximately $400. Thus, there was some evidence authorizing a finding that appellant failed to deliver a diamond ring in the initial sale and authorizing a verdict in the amount of the jury's award. See generally id.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 2, 1986.

*Robert W. Beynart, Patricia E. Ratner,* for appellant.
*Jerry D. McCumber, J. David Doverspike,* for appellee.