### 75336. SIMPSON v. REED.
(367 SE2d 563)

SOGNIER, Judge.

Derrick Reed brought suit against Freda P. Simpson seeking damages for injuries he incurred when he was struck by the car driven by Simpson as he was crossing a rural highway on a riding lawnmower. The jury returned a verdict in favor of Reed and Simpson appeals from the judgment thereon.

1. Appellant contends the trial court erred by failing to give the jury appellant's request to charge No. 20, setting forth verbatim OCGA § 40-6-184 in its entirety. However, there was no evidence which would have rendered a charge based on subsection (b) of OCGA § 40-6-184, regarding the establishment of a minimum speed limit, applicable to this case. Since a portion of the Code section in the request was inapt or inapplicable, the trial court did not err by denying the request. *Slaughter v. Linder*, 122 Ga. App. 144 (2b) (176 SE2d 450) (1970).

2. Appellant contends the trial court erred by failing to give her request to charge No. 13 that the law does not impose an absolute duty on a driver to be in such control of a vehicle so as to be able to stop the vehicle before injuring others. The trial court instead charged the jury that "there is no absolute duty on any driver to avoid a collision." "If the substance of a properly requested and appropriate instruction is given in the jury charge as a whole, the court is under no obligation to employ the exact language requested. [Cit.]" *Davis v. Glaze*, 182 Ga. App. 18, 23 (12) (354 SE2d 845) (1987). This enumeration presents no reversible error.

3. We find no error in the trial court's refusal to charge appellant's request to charge No. 16 which stated principles of foreseeability contained in appellant's requested charge No. 17, which was given in full by the trial court. Nor do we agree with appellant's argument that the charge on foreseeability as given by the trial court was unfairly slanted in appellee's favor simply because the trial court, rather than using the third person impersonal "one," instead charged the jury that "it is not necessary that the *Defendant* should have been able to anticipate the particular consequences which ensued," and "[i]t is sufficient if in ordinary prudence the *Defendant* might have foreseen some injury would result." (Emphasis supplied.)

4. Appellant contends the trial court erred by charging the jury as to the doctrine of last clear chance. Although we agree with appellant that the last clear chance doctrine has no application unless the defendant knew of the plaintiff's perilous situation and had opportunity to take evasive action to avoid injuring him, see *Conner v. Mangum*, 132 Ga. App. 100, 106 (207 SE2d 604) (1974), the evidence here indicates that appellant saw appellee while 25 yards distant and although she asserts he was travelling along the side of the road and pulled out suddenly in front of her, the jury was authorized to believe appellee's testimony that he had not travelled along the side of the road but had entered the roadway solely to cross it on the diagonal when appellant struck him. Thus, the jury was authorized to find that appellant, though 25 yards distant and aware of appellee's presence crossing the road on the diagonal, nevertheless failed to take advantage of the distance to avoid injuring appellee by taking evasive action. Accordingly, it was not error to so charge the jury. See *Central of Ga. R. Co. v. Wooten*, 163 Ga. App. 622, 623 (1) (295 SE2d 369) (1982); *Vaughn v. American Freight System*, 164 Ga. App. 786, 787 (4) (298 SE2d 284) (1982).

5. We find no error in the trial court's instruction to the jury based on appellee's request to charge No. 8 as to the provisions of OCGA § 40-8-70 (a), where there was evidence from which the jury could have concluded that appellant should have used her horn and that she failed to do so. *Hurst v. J. P. Colley Contractors*, 167 Ga.

App. 56, 58 (4) (306 SE2d 54) (1983). Appellant argues that a conflict exists between the charge given on OCGA § 40-8-70 (a) and the charge given based on *Aultman v. Spellmeyer*, 111 Ga. App. 769 (143 SE2d 403) (1965); however, having held that the Code section charge was proper and in view of the fact that appellant specifically requested the *Aultman* charge, we find any error, assuming error exists, to present no ground for reversal. See generally *Citizens &c. Bank v. Morgan*, 142 Ga. App. 337, 340 (3) (235 SE2d 767) (1977).

6. Appellant has failed to demonstrate how a proper charge on the defendant's burden to prove any affirmative defenses, see *Stewart v. Mynatt*, 135 Ga. 637, 639 (2) (70 SE 325) (1910), or the charge on foreseeability, cited in Division 3, infra, so confused or misled the jury as to constitute reversible error.

7. We find no error in the trial court's charge that "the failure to comply with the provisions of a valid law which proximately results in an injury to another is negligence as a matter of law. And this is so even though the statute may be one which regulates highway traffic." See generally *Green v. Dillard*, 176 Ga. App. 574, 575 (1) (337 SE2d 55) (1985), overruled on other grounds, *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 857 (360 SE2d 415) (1987). The fact that the only injuries sued for in the case sub judice were allegedly proximately caused by appellant's violation of valid traffic laws did not intimate that any alleged violation of traffic laws by appellee could not have constituted negligence as well. Nor do we find the trial court's repetition of this principle of law, in view of the charge as a whole, to constitute error. See *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155-156 (2) (342 SE2d 352) (1986).

8. In view of appellant's testimony that she was attempting to pass appellee at the time of the accident, the trial court's charges based on OCGA § 40-6-44 were not error. See generally *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (2) (342 SE2d 760) (1986). We discern no merit in appellant's argument that these charges were erroneously given simply because it was appellee who requested them on the basis of appellant's testimony.

9. Nor do we find merit in appellant's argument that the trial court erred by instructing the jury that appellee had no duty to yield the right-of-way if the jury found that appellee, after stopping and looking, could not see appellant's automobile as he entered the roadway. The jury was authorized to find that appellant's automobile was not visible to appellee as he entered the roadway and thus a charge indicating the possible inapplicability of OCGA § 40-6-73 under such circumstances was adjusted to the evidence. See generally *Cale v. Jones*, 176 Ga. App. 865, 868 (4) (338 SE2d 68) (1985).

10. We have carefully reviewed the instructions given by the trial court and find no merit in appellant's enumeration contending error

in the trial court's presentation of the factual contentions of the parties. See *Laken v. Gen. Seat &c. Mfg. Corp.*, 100 Ga. App. 839, 840-841 (1) (112 SE2d 301) (1959); see also *McHone v. Williams*, 111 Ga. App. 747 (1) (143 SE2d 63) (1965).

11. Appellant contends in her final enumeration that the trial court erred by entering judgment on the jury's verdict of $100,000 in favor of appellee because the verdict was excessive and strongly against the weight of the evidence. The version of OCGA § 51-12-12 in effect at the time the jury verdict and judgment were rendered provided: "The question of damages is one for the jury; and the court should not interfere with the jury's discretion unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." The evidence adduced at trial, when construed in favor of upholding the verdict, see *Citizens Jewelry Co. v. Walker*, 178 Ga. App. 897, 898 (2) (345 SE2d 106) (1986), showed that appellee, while in the exercise of due care for his own safety, was struck by appellant's automobile travelling an estimated 70 miles per hour when appellant, after observing appellee, momentarily took her eyes off of him, possibly to drink some iced tea she had with her in her vehicle. There was evidence that appellee was out of work for months after being released from the hospital for his injuries and that in addition to his other injuries, appellee received extensive facial injuries resulting in permanent scarring.

In support of her argument that the verdict was excessive, appellant cites *McKinney & Co. v. Lawson*, 257 Ga. 222 (357 SE2d 786) (1987), in which a divided Supreme Court found gross error in the verdict awarded by the jury based on the Supreme Court's own estimate of the negligence of the plaintiff therein. We decline appellant's invitation to interpret *McKinney* as authorizing the appellate courts of this State to enter the jury box in each case and interfere with the discretion granted the jury by statutory and case law. Rather, we deem *McKinney* limited to the specific facts therein and in view of the evidence in the case sub judice, we will not here ignore the " 'presumption that the verdict of a jury is based on a fair consideration of all matters presented to it.' [Cit.]" *Brown v. Svc. Coach Lines*, 71 Ga. App. 437, 441 (31 SE2d 236) (1944); see also *McKinney*, supra at 227 (Smith, Justice, dissenting). Thus, "[i]n the absence of any showing of actual bias or mistake, we cannot say that the verdict returned by the jury in this case, and approved by the trial judge, is so excessive as a matter of law as to justify the inference of gross mistake or undue bias . . . ." *Hill v. Rosser*, 102 Ga. App. 776, 777 (4) (117 SE2d 889) (1960). See also *Black & White Cab Co. v. Clark*, 67 Ga. App. 170, 174 (8) (19 SE2d 570) (1942).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

Decided February 22, 1988 —
Rehearing denied March 11, 1988 —

*Thomas S. Carlock, Daniel B. Simon III,* for appellant.
*William R. Waldrop, Holle Weiss-Friedman,* for appellee.