## 76631. RICHARDSON v. MAXWELL.
(374 SE2d 571)

POPE, Judge.
Plaintiff alleged defendant, while driving an automobile, failed to obey a stop sign and struck plaintiff as he was riding on his bicycle. Conflicting evidence was presented at trial as to whether defendant struck plaintiff. The jury returned a verdict for the defendant. Plaintiff's motion for new trial, brought on the general grounds, was denied. Plaintiff then appealed to this court.

Plaintiff's enumeration of errors does not identify any error of the court below. One enumeration merely sets forth plaintiff's factual contentions and the other enumerations make a statement of a principle of law. Two of the statements of law relate to damages allegedly authorized by the evidence which could not properly be an issue on appeal since plaintiff did not obtain a verdict in his favor. Thus, the errors set forth in plaintiff's enumeration are meritless. *Freeman v. Allstate Business Systems*, 166 Ga. App. 249 (304 SE2d 97) (1983).

Moreover, plaintiff's brief does not comply with Rule 15 of the Rules of the Court of Appeals because it does not contain a copy of

the enumeration of errors (see Rule 15 (a) (2)) and because the argument does not correspond to the enumeration of errors and is unsupported by specific references to the record (see Rule 15 (c)). Neither the enumeration of errors nor the brief asserts that the trial court erred in denying plaintiff's motion for new trial. Instead, the brief argues that this court should reverse the judgment and remand with instructions that defendant "be required to pay for the injuries suffered by the plaintiff." Thus, plaintiff not only argues that judgment in favor of defendant should be reversed, plaintiff also argues judgment should be entered in his favor. Since plaintiff made no motion for directed verdict at the trial level, such a disposition by this court is unsupportable. At most, the judgment could be reversed, thus permitting the case to be retried.

However, plaintiff acknowledges in his brief that conflicting evidence was presented as to whether plaintiff was struck by defendant. It is well settled that when conflicting evidence is presented at trial, the jury's verdict cannot be reversed on appeal. See *Ayers v. Young*, 210 Ga. 441 (5) (80 SE2d 801) (1954); *Hester v. Baker*, 180 Ga. App. 627 (6) (349 SE2d 834) (1986); *Citizens Jewelry Co. v. Walker*, 178 Ga. App. 897 (345 SE2d 106) (1986). Plaintiff's appeal is groundless and therefore frivolous. Consequently, defendant's motion for penalty pursuant to Rule 26 (b) is granted and a penalty in the amount of $500 is assessed against plaintiff.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Sognier, Benham and Beasley, JJ., concur. McMurray, P. J. and Carley, J., concur in part and dissent in part.*

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

While I concur in most of what is said in the majority opinion, I must respectfully dissent as to the majority's imposition of a penalty against appellant pursuant to Rule 26 (b) of the Rules of the Court of Appeals of Georgia. I am not disposed to support the majority's conclusion that appellant's enumerations of error are so specious as to warrant this court's imposition of such sanctions.

I am authorized to state that Judge Carley joins in this opinion.

DECIDED OCTOBER 20, 1988.

*Alton T. Milam*, for appellant.
*Thomas E. Greer*, for appellee.