A90A2358. HARRISON v. ELLIS.
(404 SE2d 348)

SOGNIER, Chief Judge.
Shannon Harrison was a passenger in a Pontiac Grand Am involved in an accident with a Buick LeSabre driven by Wanda Ellis. Suit was brought to recover damages for injuries Harrison incurred. The jury returned its verdict in favor of Ellis, and the trial court denied Harrison's motion for a new trial. This appeal ensued.

In her sole enumeration of error, appellant contends the trial court erred by giving appellee's requested charge based on OCGA § 40-6-46, regarding no passing zones. The transcript reveals that at the time the accident in issue occurred on Austell Road, that road consisted of two traffic lanes and a center turn lane. A K-Mart store was on the east side of the road; a Kentucky Fried Chicken and several other fast food restaurants were on the west side. Appellee was waiting in the exit to the K-Mart parking lot for the purpose of making a left turn southbound onto Austell Road. The evidence is uncontroverted that northbound traffic on Austell Road had backed up from a traffic light, but a pickup truck had left a gap open for K-Mart customers to exit the parking lot. Appellee crossed the northbound

lane in front of the truck, and the collision in issue occurred in the center turn lane.

According to the testimony of appellant and her grandfather, Henry Buckland, the driver of the Grand Am, they were in the turn lane facing north but were at a complete stop in preparation for a left turn into the fried chicken restaurant. Appellant and Buckland both testified that appellee's Buick hit their car, Buckland stating that appellee "made too little sharp a turn" past the pickup truck. According to the testimony of appellee, however, it was Buckland's car that struck her car as she entered the turn lane. Appellee testified that as she exited the K-Mart parking lot in front of the pickup truck she could see into the turn lane, and that she observed no vehicle stopped there as she entered the turn lane. She testified Buckland's car was travelling between 15 to 25 miles per hour in the turn lane when it hit the front of her car.

The trial court charged the jury that "the defendant in the case [appellee] contends that the driver of the other vehicle [Buckland] violated Code section 40-6-46, and the defendant contends that the driver of the other vehicle was using the turning lane as a passing zone and was not authorized to do that. That is, the defendant is contending that the driver of the automobile in which the plaintiff was a passenger was prematurely in the turning lane, and that that was the negligence which caused the incident . . . . In this connection I charge you that the Department of Transportation and local authorities are authorized to determine those portions of any highway under their respective jurisdictions where overtaking and passing or driving to the left of the roadway would be especially hazardous, and may, by appropriate signs or markings on the roadway, indicate the beginning and the end of such zones, and when such signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions thereof. Such no passing zones shall be clearly marked by a solid barrier line placed on the right hand element of a combination stripe along the center or lane line. I charge you that where signs or markings are in place to define a no passing zone as set forth . . . no driver shall at any time drive on the left side of the roadway within such no passing zone or on the left side of any pavement striping designed to mark such no passing zone throughout its length. In this connection I further charge you that this Code section does not apply to the driver of a vehicle who is turning left into or from an alley, private road, or driveway. That is, if you find that a driver is using it for the purpose of making a legal turn then it would not be a violation. If you find in the evidence that a driver was using it as a passing lane to pass the other traffic rather than to be making a turn then it would be a violation, if you so find, of this Code section, and I charge you that a violation of this statu-

tory provision constitutes negligence per se."

We agree with appellee that there was some evidence from which a jury could have found that the Grand Am was travelling in the turn lane, from which they could have inferred that Buckland was improperly using the turn lane as a passing lane. The fact that there is some slight evidence to support the charge, however, does not end the inquiry since appellant's argument, raised both before this court and the trial court, is that the reason why the Grand Am was in the turn lane had no bearing on the resolution of the issue before the jury, which was simply whether appellee had improperly failed to yield the right-of-way to the Grand Am. Appellant argues that even assuming, arguendo, that Buckland was improperly using the turn lane as a passing lane, appellee was obligated under OCGA § 40-6-73 to yield the right-of-way "to all vehicles approaching," an obligation which this court has held exists even though the approaching vehicle is doing so in an illegal manner. *Munday v. Brissette*, 113 Ga. App. 147, 160 (10) (148 SE2d 55) (1966), rev'd on other grounds, 222 Ga. 162 (149 SE2d 110) (1966).

We do not agree. The driver of a vehicle has the right to assume that others using the roadways will obey the rules of the road. See *Lusk v. Smith*, 110 Ga. App. 36, 39-40 (137 SE2d 734) (1964). We interpret the language in *Munday*, supra, to mean that OCGA § 40-6-73 requires a driver entering a roadway to yield to an illegally approaching vehicle only where the driver of the entering vehicle has knowledge of the illegal approach of that vehicle, so as to embody the doctrine of last clear chance, see generally *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692, 695-698 (1) (34 SE2d 664) (1945), since the statute has otherwise been construed to place no duty on the driver entering the roadway to yield to even properly approaching vehicles if the approaching vehicles are not visible to the driver of the entering vehicle. See *Simpson v. Reed*, 186 Ga. App. 297, 299 (9) (367 SE2d 563) (1988). We note that while the trial court charged the jury extensively on proximate cause in the case sub judice, no charge on last clear chance was requested by either party and no such charge was given the jury. While a charge on last clear chance might have helped clarify the issue for the jury, in the absence of a request or any objection by appellant, it is not ground for reversal here that such a charge was not given. See OCGA § 5-5-24 (a). It follows that since there was some evidence addressing the legality or illegality of the approach of Buckland's vehicle in the turn lane, it was not error for the court to charge the law in relation to that issue. See generally *Eubanks v. Nationwide Mut. Fire Ins. Co.*, 195 Ga. App. 359, 364 (393 SE2d 452) (1990).

*Judgment affirmed. Banke, P. J., Birdsong, P. J., and Cooper, J., concur. Carley, Pope, Beasley and Andrews, JJ., concur specially.*

*McMurray, P. J., dissents.*

BEASLEY, Judge, concurring specially.

If plaintiff's driver was using the turn lane as a passing lane in violation of OCGA § 40-6-46, and the driver of the entering auto had a right to assume that others using the roadway would obey the rules of the road, *Lusk v. Smith*, 110 Ga. App. 36, 39-40 (137 SE2d 734) (1964), so that she could assume no one was coming in that lane to pass vehicles in the pickup truck's lane, then she would have no duty to yield the right-of-way to an unknown and unseen vehicle because she had no duty to anticipate its advance. Obviously, if she saw or should have seen the approaching vehicle, OCGA § 40-6-73 would require her to yield, whether the approaching vehicle was proceeding legally or unlawfully. *Munday v. Brissette*, 113 Ga. App. 147, 160 (10) (148 SE2d 55) (1966), rev'd on other grounds, 222 Ga. 162 (149 SE2d 110) (1966).

On the other hand, the driver of the entering auto had a duty to anticipate the approach of vehicles using the lane legally to make left turns and, in this regard, to yield even to unseen and unknown such vehicles. OCGA § 40-6-73. That is, since she could not see, she knew there might be unknown and unseen vehicles lawfully approaching. She took a risk of violating OCGA § 40-6-73 by relying on the pickup truck driver's indication that there were no vehicles to prevent a safe entry. *Munday*, supra, supports this conclusion in its emphasis on the statutory "all vehicles."

*Simpson v. Reed*, 186 Ga. App. 297, 299 (9) (367 SE2d 563) (1988), is not in error as written because there may have been evidence that the driver of the entering vehicle exercised ordinary care in determining that no vehicle was approaching. If he did, then he would not be failing to yield to any vehicle in violation of OCGA § 40-6-73.

ANDREWS, Judge, concurring specially.

Although I agree with the majority's result, the concern I have with both the majority and dissenting opinions is that they seem to confuse the issue of negligence per se with the question of causation. The discussion of OCGA § 40-6-73 and the duty to yield is irrelevant here.

Plaintiff's *sole* enumeration of error is the trial court's charging of OCGA § 40-6-46, regarding no-passing zones. It is clear that there was sufficient evidence, to justify a charge thereon, that the driver of the automobile in which plaintiff was a passenger violated that Code section.

However, plaintiff argues, and the dissent agrees, that the establishment of defendant's violation of OCGA § 40-6-73 removes from

the jury the issue of plaintiff's driver's negligence. This interpretation of § 40-6-73 implicitly removes the issue of proximate cause from the jury. Taken to its extreme, this logic would result in an exiting automobile being absolutely liable for a collision, even if such vehicle exited onto a street at night and collided with a speeding vehicle which had its lights off. Moreover, this position converts cases involving OCGA § 40-6-73 into matters of summary adjudication. Even assuming the dissent's interpretation of OCGA § 40-6-73 to be correct, I disagree with the consequences the dissent concludes are required by such interpretation.

Negligence per se is not liability per se. Negligence per se is actionable negligence only where it is the proximate cause of plaintiff's injuries. *Sumner v. Otasco, Inc.*, 175 Ga. App. 177 (333 SE2d 28) (1985). Proximate cause is for the jury to decide.[1] *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811 (278 SE2d 712) (1981); *Garner v. Driver*, 155 Ga. App. 322 (270 SE2d 863) (1980).

I would affirm the trial court on the sole basis that the evidence authorized the charge.

I am authorized to state that Judge Carley and Judge Pope join in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

Appellee was in her car, waiting in the exit from the K-Mart parking lot for the purpose of making a left turn onto Austell Road. Austell Road consisted of three lanes, a traffic lane in either direction and a center turn lane. The traffic moving from left to right in front of appellee in the northbound traffic lane was backed up from a traffic light, but a pickup truck had stopped before the K-Mart exit so as to leave a gap open for vehicles to leave the K-Mart parking lot. The driver of the pickup truck motioned for appellee "to come out," and this she did. While appellee testified that she looked to the right, it is clear from her testimony that her vision to the left, the direction from which appellant was approaching, was entirely obstructed by the proximity and size of the pickup truck. Appellee testified: "I gradually pulled out to see around the pickup truck." In other words, appellee *blindly* pulled into the path of anyone moving northward in the turn lane and was struck by the vehicle in which appellant was a passenger.

Appellee's reliance upon *blind* luck and the driver of the pickup truck, clearly resulted in her failure to yield the right-of-way in compliance with OCGA § 40-6-73. Resolution of whether the vehicle occupied by appellant was improperly using the turn lane may be an in-

---

[1] As noted above, the plaintiff here was a passenger and the trial court's charges on proximate cause were properly adjusted to this factual situation.

teresting academic exercise, but the answer is irrelevant since OCGA § 40-6-73 is applicable without regard to whether the approaching vehicle is doing so in an illegal manner. See *Munday v. Brissette*, 113 Ga. App. 147, 160 (10) (148 SE2d 55), rev'd on other grounds, 222 Ga. 162 (149 SE2d 110).

I cannot agree with the majority's construction of the decision in *Munday v. Brissette*, 113 Ga. App. 147, 160 (10), supra. This decision is based on a straightforward reading of the clear and concise statutory language now set forth in OCGA § 40-6-73, which provides: "The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to *all vehicles* approaching on the roadway to be entered or crossed." (Emphasis supplied.) The crux of the statute lies in the two emphasized words which were likewise emphasized in *Munday*. There are no exceptions, qualifications or conditions attached to these two words. As appellee sought to enter the roadway from an adjacent parking lot, she was required by this statutory language to yield the right-of-way to *all vehicles* upon the roadway (including the automobile carrying appellant), period, end of discussion.

I would also hold that the judicial revision of OCGA § 40-6-73, created by our decision in *Simpson v. Reed*, 186 Ga. App. 297, 299 (9) (367 SE2d 563), is not well founded and should be overruled. In *Simpson*, an exception to the rule set forth in OCGA § 40-6-73 was created by judicial fiat, removing the obligation of a motorist entering a roadway to yield to an unseen vehicle approaching on the roadway. Not only does the *Simpson* exception lack support from the authority cited therein or from the statutory language, it undermines the basic statutory scheme. OCGA § 40-6-73 should be read as requiring that a motorist may not enter or cross a public roadway unless such motorist can see approaching traffic sufficiently well as will permit the motorist to comply with the statutory obligation to yield to *all vehicles* approaching on the roadway. Where the vision of a motorist entering the roadway is obscured, the statute should be construed to prohibit the motorist proceeding *blindly* and to require the motorist to wait or seek another route of access to the roadway.

Appellant contends that the trial court erred in giving appellee's requested charge based on OCGA § 40-6-46, regarding no-passing zones. Since the resolution of the issue thus addressed, as to whether the vehicle in which appellant was a passenger was properly using the turn lane, does not alter appellee's duty to yield to *all vehicles* approaching on the roadway pursuant to OCGA § 40-6-73, the charge on OCGA § 40-6-46 is not adjusted to the evidence presented at trial. Since the improper charge may have contributed to the verdict which is adverse to appellant, I would reverse. For the stated reasons, I respectfully dissent.

DECIDED MARCH 15, 1991.

C. Lawrence Jewett, Jr., for appellant.
Bovis, Kyle & Burch, Charles M. McDaniel, Jr., for appellee.