A97A1755. CLAXTON et al. v. LEE.
(494 SE2d 80)

Judge Harold R. Banke.

In this negligence case, Alton B. Lee, Jr. sued Edward Claxton, Bobby Claxton, and Larry Claxton individually and as partners in Claxton Trucking Company and their employee, Jimmy D. Beckworth (collectively the "Claxtons," unless otherwise noted). The jury awarded Lee $269,750 in damages. The Claxtons enumerate four errors on appeal.

This case arose after Beckworth, who was driving one of the Claxtons' tractor-trailer logging trucks, pulled into a convenience store for fuel. In pulling back out onto the road, Beckworth crossed the centerline into the oncoming lane. In the waning light, Lee did not see the truck in his lane until it was too late to stop. Lee was injured in the resulting collision. After the collision, Beckworth received a traffic citation for failure to yield the right of way. Beckworth failed to appear to contest that charge. *Held*:

1. The trial court's instructions on the duty to yield the right of way were not incomplete.[1] At trial, the court gave the pattern charges on yielding the right of way (OCGA § 40-1-1 (52)) and the duty to yield when entering or crossing a roadway from a private road (OCGA § 40-6-73).[2] The Claxtons maintain that these charges, when read together, incorrectly impose a duty on vehicles entering highways to avoid collisions under all circumstances, overlooking the applicable exception to this rule which abrogates the duty to yield when no approaching vehicles are in sight.

This argument does not comport with the evidence. Beckworth testified that he saw Lee's vehicle a quarter of a mile away when his semi was only half-way across Lee's lane. He admitted that after seeing Lee's vehicle, he elected to continue into Lee's lane, totally blocking it and a portion of the shoulder, instead of stopping or reversing

---

[1] Because the first two enumerations deal with different aspects of the same subject, they will be treated jointly.

[2] The court gave the following charge on right of way: "[T]he term right of way is defined as the right of one vehicle to proceed in a lawful manner in preference to another vehicle approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other." It charged on duty to yield on private roads as follows: "The driver of a vehicle about to enter or cross a roadway from any place other than another roadway, shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed."

his truck. We reject the Claxtons' contention that under the facts of this case the duty to yield dissipated the moment Beckworth nosed his bumper onto the highway without seeing Lee. See OCGA § 40-6-73 (imposing a duty to yield to "approaching" vehicles). Thus, the trial court properly rejected the Claxtons' request to charge no. 18, which stated "a driver entering or crossing a roadway does not have a duty to yield the right of way to a vehicle which is not visible to the driver entering the roadway."

Both *Harrison v. Ellis*, 199 Ga. App. 199, 201 (404 SE2d 348) (1991) and *Simpson v. Reed*, 186 Ga. App. 297, 299 (9) (367 SE2d 563) (1988) are distinguishable on their facts. In neither did the defendants elect to continue into an oncoming lane, thereby blocking the entire roadway, after seeing a vehicle heading toward them.

2. The trial court did not err in admitting evidence of one of Beckworth's prior traffic citations. In Lee's case in chief, Beckworth admitted that he received the citation for failure to yield and did not appear to contest the charge. When his counsel asked him on direct why he did not go to court after receiving the citation, Beckworth responded that he knew he had to pay a fine but did not know he had to go to court and was unaware of the significance of that decision to the instant civil proceedings. After argument, the trial court permitted Lee to impeach Beckworth's professed ignorance of court procedure with a certified, redacted copy of his driving record.

Upon making the statements, Beckworth became subject to impeachment as to their veracity. *Williams v. State*, 257 Ga. 761, 763-764 (4) (b) (363 SE2d 535) (1988). His driving record at least arguably contradicted his professed ignorance about traffic court procedure and the reasons for appearing to contest the charges. In any event, the Claxtons demonstrated no harm from the admission of this limited evidence of "another traffic violation." *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994) (harm and error must be shown for reversal).

3. The evidence was insufficient to support the $15,000 award for lost earnings Lee received. Lee testified that he owned and operated a retail meat business and could not work for a specific period following the collision. He offered his tax returns over several years which showed a $15,000 decline in his adjusted gross income during the tax year following the collision, and explained that fluctuations in the market and the sale of hogs caused several increases in his past income. However, he never testified as to his rate of compensation or his applicable earnings for the period in which he claimed the loss. See *Mathis v. Copeland*, 139 Ga. App. 68, 69 (228 SE2d 23) (1976). Although his tax returns showed a decrease in income in the year following the collision, Lee failed to establish its proximate cause; for example, he presented no evidence that he hired a new employee to

substitute for him or paid his employees additional wages while they compensated for his absence. See *Keplinger v. Cook*, 115 Ga. App. 540, 541-542 (1) (154 SE2d 765) (1967). Accordingly, the evidence of lost earnings was insufficient to send the issue to the jury. See *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (2) (436 SE2d 803) (1993) (proof of lost wages must be "reasonably certain and not based upon mere speculation"). We reverse only that part of the judgment attributable to lost earnings.

*Judgment affirmed in part and reversed in part. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 13, 1997.

*Newton, Smith, Durden, Kaufold & Smith, Wilson R. Smith*, for appellants.

*W. McMillian Walker, Ronda E. Hobby*, for appellee.